No. 44,921

EDNA MIDDLETON, *Appellant,* v. NATIONAL COMPRESSED STEEL COR-
PORATION and EMPLOYERS CASUALTY COMPANY, *Appellees.*

(431 P. 2d 676)

Opinion filed September 18, 1967.

*George E. McCullough,* of Topeka, argued the cause and *W. L. Parker, Jr.,*
*Robert B. Wareheim, Reginald LaBunker* and *James L. Rose,* all of Topeka,
and *I. F. Bradley* of Kansas City, were with him on the brief for the appellant.

*George E. Mallon,* of Kansas City, argued the cause and *J. Milton Sullivant,*
*Lewis C. Smith, Gerald L. Rushfelt, Clifford T. Mueller* and *Ralph D. Lamar,*
all of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, C. J.: This is a workmen's compensation case.

The only question presented is whether on the date of the work-
man's accidental fatal injury his mother—the claimant—was partially
dependent upon him for support.

The district court held that she was not—and claimant mother
has appealed.

Highly summarized—the record shows the following:

The workman—hereafter referred to as the son—sustained an
accidental fatal injury on June 25, 1965. He was unmarried and
lived in Kansas City. His mother lived in Bonner Springs with her
husband—who was the son's stepfather—and their several children.
The mother's husband had been unemployed for several years, and
for some time the son had given money to his mother to "help out
on the grocery bill." He also had permitted her to charge groceries
to his account at a local store.

On March 15, 1965, the son obtained a job for his stepfather
which paid $49.00 per week. His mother, in the meantime, had
been earning $30.00 per week. The son's earnings were $59.00 per

week. Therefore, as of June 25, when the son sustained his fatal injury, his mother and her husband were earning $79.00 per week.

The compensation examiner found against claimant. The director approved that finding. After reviewing the matter, the district court indicated by a letter to counsel that had the son died prior to March 15—the date the stepfather got a job—it would have been obliged to rule favorably on the mother's claim of partial dependency—but that subsequent to March 15 any money given by the son to his mother could be classed only as "filial beneficence"— and denied the claim. The journal entry of judgment specifically recited that the son left no one wholly or partially dependent upon him for support or maintenance.

In pressing her appeal from that ruling counsel for claimant mother concede that dependency is a question of fact and that a finding will not be disturbed when supported by evidence (*Peters v. Peters,* 177 Kan. 100, Syl. 2, 276 P. 2d 302; *Lees, Administrator v. White,* 197 Kan. 118, 415 P. 2d 272), and that dependency is to be determined as of the date of the accidental injury (K. S. A. 44-508 (*j*), 44-510 (2) (*c*); *Dean v. Hodges Bros.,* 170 Kan. 333, 336, 224 P. 2d 1028). They argue, however, that the court erred in finding that the situation was changed when the stepfather became employed—and, such finding being based on an erroneous conclusion of law—is therefore reviewable.

We think the contention is without merit. Regardless of the comment by the trial court when counsel were advised of its decision—the fact remains that the only question in this case is whether on June 25—the date of the injury—the mother was partially dependent upon her son for support. As of that date—and for over three months prior thereto—the combined earnings of the mother and her husband were $79.00 per week. Counsel for the mother state there is no evidence to indicate that she ever received any support from her husband even after he went to work. There is no occasion here to discuss the moral and legal aspects of the duty of a husband to support his wife and family.

In *Peters v. Peters,* above, it was held—

"The degree of dependency in a workmen's compensation case is a question of fact and findings with respect thereto will not be disturbed on appellate review when there is any evidence to support them." (Syl. 2)

The finding here of no dependency is fully supported by the evidence and the judgment is affirmed.