No. 44,950

ALICE M. PRATT, Individually, and as Guardian and Conservator of the Estates of Wayne Clifford Pratt, Terri Lee Pratt and Peggy Pratt, minors, surviving widow and children of Stanley M. Pratt, deceased, *Appellee,* v. SEIS-TECH EXPLORATION COMPANY, INC., and AETNA CASUALTY & SURETY COMPANY, *Appellants.*

(433 P. 2d 555)

Opinion filed November 13, 1967.

*Jerry M. Ward,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Herb Rohleder,* of Great Bend, were with him on the brief for appellants.

*William H. Pringle,* of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: In this workmen's compensation case the district court granted an award to the dependent wife and three minor children of Stanley M. Pratt, deceased, whose death occurred on February 11, 1964, resulting from a coronary occlusion. The sole issue presented is whether there was substantial evidence to support the district court's finding that the decedent's death resulted from a personal injury by accident arising out of and in the course of his employment.

Stanley M. Pratt had been employed many years by Seis-Tech Exploration Company, Inc., as a seismic surveyor and he had advanced in his work until he was the top surveyor in his company. Seismic surveying is connected with the exploration of oil, and involves locating and staking sites where explosive charges are detonated under ground. The work is performed by a two-man survey team going into the fields with a pickup truck and surveying instruments to chain out holes, run elevations and locate shock points. The work is not considered heavy manual labor.

In addition to his employment as a seismic surveyor, the decedent worked extra hours doing logging work and preparing plane table sheets, which, together with his regular duties, took eighteen to nineteen hours a day. From June, 1963, the decedent appeared to his wife to be completely worn-out and he began suffering from indigestion which further prevented him from getting sufficient rest. When home on February 8, 1964, the decedent complained of heartburn or indigestion and was up most of the night.

On February 10, 1964, the decedent and his crew went to Pratt where they worked that day and obtained rooms in a hotel there for that night. The decedent told Donald Stout, a member of the crew, that he felt "awfully tired" after the day's work, although he stated he had not worked particularly hard.

The next morning the decedent did not come down to breakfast and Stout went to his room and called him. The decedent said he would be down in a few minutes. When he appeared for breakfast he looked tired and sleepy and indicated he was not feeling too well. He stated he had been out drinking the night before. After breakfast, the decedent and Stout proceeded to the field and commenced surveying. They were working across a level field and the two men alternated in walking with the chain and riding in the pickup truck. After they had chained for about three-fourths of a mile, the decedent began to vomit, and he stated he wanted to go back to town. They started back to town, but had motor trouble and Stout went for help. When he returned he found the decedent dead in the truck.

An autopsy performed by two medical doctors in Pratt disclosed a blood clot in one of the main coronary vessels large enough to block the vessel and cause the heart to stop beating. A later examination of portions of the decedent's heart by a pathologist in Wichita showed the opening of the circumfex coronary artery was reduced 75 percent and there was a recent adherent coronary thrombus with hemorrhage beneath an arteriosclerotic plaque.

Medical testimony at the hearing before the examiner was that the blood clot was probably less than twelve hours old and was not initiated by the decedent's activities as a surveyor, but that the work he was doing aggravated and precipitated the occlusion that caused death. All the medical testimony was to the same effect. Based upon the evidence, the examiner entered an award in accordance with law in favor of the claimant and the three minor children.

Upon request for a review by the appellants, the director of workmen's compensation found there was ample evidence to support the examiner's finding that the decedent's weakened heart condition was aggravated by his employment and that he suffered personal injury by accident arising out of and in the course of his employment for the respondent, which injury caused his death. Upon appeal, the district court adopted the findings and award of the examiner as affirmed by the workmen's compensation director, and entered an award in favor of the claimant.

The appellants urge there is no substantial evidence in the record to support the award entered by the district court. It is unnecessary to detail the medical evidence except to say that the two medical doctors and the pathologist who testified on behalf of the appellants, and the medical doctor who testified on behalf of the appellee, were all of the opinion that the pre-existing condition of arteriosclerosis was not caused by the decedent's work and that possibly the beginning of the thrombosis was not caused by his work, however, they were unanimous in their opinion that the type of work the decedent was doing aggravated and precipitated the final thrombosis which caused his death.

The evidence warrants a conclusion that the physical structure of the workman here involved gave way under the stress of the work he was performing on February 11, 1964. Our Workmen's Compensation Act prescribes no standard of health for a workman and if his physical structure gives way under the stress or strain of his usual and customary labor, his death is an accident which arises out of his employment. Moreover, it is well established that accidental injuries are compensable where the accident serves only to aggravate or accelerate an existing disease. ( *Pinkston v. Rice Motor Co.,* 180 Kan. 295, 303 P. 2d 197; *Pence v. Centex Construction Co.,* 189 Kan. 718, 371 P. 2d 100; *Geurian v. Kansas City Power & Light Co.,* 192 Kan. 589, 601, 389 P. 2d 782.) See, also, Hatcher's Kansas Digest [Rev. Ed.], Workmen's Compensation, §16.

We think it is clear from the record that the decedent sustained personal injury within the meaning of our Workmen's Compensation Act. Our decisions are to the effect that coronary occlusion, coronary thrombosis, myocardial infarction, or heart failure-acute, which results in the death of a workman, is personal injury by accident when it arises out of and in the course of his employment. A few of our many cases are: *Riggs v. Ash Grove Lime & Portland Cement Co.,* 131 Kan. 244, 289 Pac. 410; *Workman v. Johnson*

*Bros. Construction Co.,* 164 Kan. 478, 190 P. 2d 863; *Pinkston v. Rice Motor Co.,* supra; *Geurian v. Kansas City Power & Light Co.,* supra; *Mein v. Meade County,* 197 Kan. 810, 421 P. 2d 177, and *Hanna v. Edward Gray Corporation,* 197 Kan. 793, 421 P. 2d 205.

It would serve no useful purpose to prolong this opinion by discussing the evidence. We have carefully examined the record and it is·sufficient to say there was ample evidence to support the district court's finding that the decedent's weakened heart condition was aggravated by the work he was doing and that he suffered personal injury by accident rising out of and in the course of his employment, which caused his death. See *Middleton v. National Compressed Steel Corp.,* 199 Kan. 574, 431 P. 2d 676, with respect to sustaining the burden of proof. ·

During oral argument, the appellants contended that K. S. A. 44-501 as amended by L. 1967, ch. 280, §1, should be considered the standard to determine whether the decedent's death was compensable. By the amendment, the Legislature recognized that the death of a workman resulting from coronary or coronary artery disease or cerebrovascular injury is compensable under the conditions prescribed. In answer to the contention the record clearly discloses that the provisions of the amendment are not applicable in the determination of this appeal, and without further comment on the point, it is found to be without merit.

The judgment is affirmed.

PRICE, C. J., dissents.