No. 45,269

June M. Meyers, Raymond V. Cardwell, as Conservator for Stephen Meyers, a minor, *Appellants,* v. Consolidated Printing and Stationery Co. and Westchester Fire Ins. Co., Insurance Carrier, *Appellees.*

(443 P. 2d 319)

Opinion filed July 13, 1968.

*Frank C. Norton* and *Robert L. Constable,* both of Salina, were on the brief for appellants.

*Clarence L. King, Jr.,* of Salina, argued the cause and *Bill Stokes,* of Salina, was with him on the brief for appellees.

The opinion of the court was delivered by

Fromme, J.: The district court denied an award to the dependent widow and son of Edward Joseph Meyers in a workmen's compensation case. The widow and son appeal. They will be called the claimants. The employer, Consolidated Printing and Stationery Co. and its insurance carrier will be referred to as the respondents. They are the appellees herein.

The workman's death occurred February 28, 1966, at 8:00 p. m. and was caused by a vascular accident resulting in a coronary occlusion. The district court found that death was not caused by vascular accident arising out of and in the course of the employment. The primary issue presented on appeal is whether that finding was supported by substantial competent evidence.

In this case the claim arose February 28, 1966. The legislative change with reference to heart cases which requires more than usual exertion to support an award does not apply. (K. S. A. 1967 Supp. 44-501 [effective July 1, 1967]; *Pratt v. Seis-Tech Exploration*

*Co.*, 199 Kan. 732, 433 P. 2d 555; *Lyon v. Wilson*, 201 Kan. 768, 443 P. 2d 314.)

Therefore, the evidence will be considered under the prior law and without consideration of the effect of this new legislative fiat.

Edward Joseph Meyers, age 60 years, had been regularly employed as a printer by Consolidated Printing and Stationery Company for eight years. On the day of his death he operated a printing press under his usual working conditions. His wife took him to work in the morning and picked him up as usual at 4:30 in the afternoon. His actions and appearance were normal when he went to work. When he got off work he complained to his wife of a weakness in his arms and of a difficulty in breathing. He had complained of being tired at the end of the day for over two weeks. He attributed his difficulty in breathing to the odor of the gasoline used in cleaning the printing press.

When Mr. Meyers arrived home he took some aspirin tablets, laid down for a short time, ate a very light supper and then started to undress for bed. He experienced severe pain and was taken to the hospital. He arrived there at 7:30 p. m. and at 8:00 p. m. he was pronounced dead.

There was conflict in the testimony, but several of his co-workers testified he appeared normal and did not complain of discomfort or pain during his working hours.

Although the record does not disclose any prior clinical diagnosis of a heart condition he had complained of indigestion and of being excessively tired after completing a usual day's work.

An autopsy was performed which revealed the cause of his death. Abnormalties were noted by the doctor such as an enlargement of the heart, a scarring in the wall of the heart, a reduction in the internal diameter of the arteries of the heart and other visible conditions usually attributable to arteriosclerotic heart disease of extended duration. Although there was a sharp conflict in the medical testimony, the doctors did agree that the clot formation which eventually resulted in death had been in existence at least twelve hours before his death occurred. This placed the time of the precipitating cause of the coronary occlusion prior to the hour he began work the day of his death. The medical expert testifying on behalf of the respondents stated it was his opinion the workman's activity at the place of employment during the twelve hour period after the onset *had no relation with the workman's death and that the death was not caused or aggravated by the work.*

This witness was subjected to a searching cross-examination and his opinion remained unchanged.

Now we turn to the applicable rules of law governing appellate review. It is the function of the district court to pass upon the facts and this court will not redetermine questions of fact on appeal. (*Phillips v. Skelly Oil Co.*, 189 Kan. 491, 492, 370 P. 2d 65.)

A review of the workmen's compensation cases indicates that rules of law which have been applied in physical injury cases have been generally applied with equal force in heart cases. Whether the death is due to a vascular accident arising out of and in the course of the employment is a question of fact. When the question is determined by the district court it will not be disturbed by this court if there is substantial competent evidence to sustain it. (*Pratt v. Seis-Tech Exploration Co.*, supra; see also *Shepherd v. Gas Service Co.*, 186 Kan. 699, 701, 352 P. 2d 48.) Whether the judgment is supported by substantial competent evidence is a question of law which may be determined on appeal. (*Geurian v. Kansas City Power & Light Co.*, 192 Kan. 589, 389 P. 2d 782; see also *Silvers v. Wakefield*, 176 Kan. 259, 260, 270 P. 2d 259.) This court is required to review all evidence favorable to the party prevailing in the district court and if there is evidence to support the judgment it must be affirmed. This is true even though there is evidence which might warrant the district court in making a contrary decision. (*Mein v. Meade County*, 197 Kan. 810, 421 P. 2d 177; see also *Barr v. Builders, Inc.*, 179 Kan. 617, 619, 296 P. 2d 1106.)

To sustain an award for the claimants certain evidentiary facts must be found by the district court and supported by evidence. The accidental injury causing disability or death must arise "out of" and "in the course of" the employment. (K. S. A. 44-501.) These conditions are conjunctive and both must exist before compensation is allowable. (*Pinkston v. Rice Motor Co.*, 180 Kan. 295, 301, 303 P. 2d 197.) These two terms are discussed in *Pinkston* where it is said a vascular injury resulting in a compensable death must arise from the nature, conditions, obligations or incidents of the employment. There must appear some causal connection between the death and the employment. The death must be traceable to it in some reasonable way. (*Hanna v. Edward Gray Corporation*, 197 Kan. 793, 421 P. 2d 205.) When a workman's physical structure gives way and death results from a coronary occlusion this court has held compensation may be awarded if the precipitating cause

which results in the death, the vascular accident, is traceable to the work performed. (*Bohanan v. Schlozman Ford, Inc.,* 188 Kan. 795, 366 P. 2d 28; *Geurian v. Kansas City Power & Light Co.,* supra.) Accidental vascular injuries have been held compensable even though the accident is a result of conditions which only serve to aggravate or accelerate an existing disease, intensify the affliction or contribute to the death of the workman. (*Bohanan v. Schlozman Ford, Inc.,* supra.)

As previously mentioned in this case the precipitating cause of the coronary occlusion resulting in death was a blood clot. There was testimony this clot formation was in existence prior to the time the decedent went to work on the last day of his life. There was medical testimony that the workman's activity at the place of employment had no relation with the workman's death and that the vascular accident was not caused or aggravated by the work performed. Any further detailed discussion of the evidence would serve no useful purpose. We have examined the record and there is substantial competent evidence to support the finding of the district court, although there is other evidence in the record which might have supported contrary findings.

The claimants make some contention the district court did not apply a proper burden of proof in arriving at its findings and judgment.

The claimant in a workmen's compensation case has the burden to establish the claim and must show a causal connection between the work and the vascular accident resulting in death. (*Hanna v. Edward Gray Corporation,* supra.; see also *Jacobs v. Goodyear Tire & Rubber Co.,* 196 Kan. 613, 616, 412 P. 2d 986.)

The district court in its order denying an award stated:

"The burden of proof, though relatively light, rests on the claimant to prove the death of the workman was caused by an accident which arose out of and in the course of his employment. There is no presumption of accidental industrial injury for the court to apply out of sympathy for the workman's wife and family. Industry is, and should be charged with compensating for accidental injuries causally connected with the employment, but then only after proof thereof by the claimant.

"The claimant in this matter has failed to carry the burden of proof and has not established that the death of decedent was caused by accident arising out of and in the course of his employment and the court finds that an award should be entered herein against the claimant and in favor of respondent, denying compensation."

We cannot agree with claimants that an improper burden of proof

was required by the trial court. It is a proper function of the district court in a workmen's compensation case to pass upon the facts in evidence. The court in evaluating the evidence in this case merely arrived at a different conclusion than was urged by the claimants.

The findings of the district court justify its denial of an award to claimants and are supported by substantial competent evidence.

The judgment is affirmed.