No. 45,277

DONELLA FORD, Widow and as Guardian of PATRICIA EVELYN FORD and HAROLD NORMAN FORD, Minor dependants of WALTER E. FORD, Deceased (Claimants), *Appellants,* v. ROBERT S. WISE, INC., (Respondent), and MARYLAND CASUALTY CO., *Appellees.*

(451 P. 2d 251)

Opinion filed March 8, 1969.

*Frank W. Hylton,* of Wichita, argued the cause and was on the briefs for the appellants.

*William R. Smith,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, H. E. Jones, Jerome E. Jones, Robert J. Roth, Robert J. O'Connor,* and *Greer Gsell,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

KAUL, J.: This is a workmen's compensation case arising from the death of Walter E. Ford caused by a coronary occlusion suffered by him while driving a truck for his employer.

The Workmen's Compensation Examiner found that the injury did not arise out of the decedent's employment and denied compensation. The examiner's award was reversed by the Workmen's Compensation Director. Respondent and its insurance carrier appealed to the district court which reversed the director's award and from that judgment claimants have taken this appeal.

The sole question presented for appellate review is whether there was sufficient competent evidence to support the district court's finding.

The record consists of the deposition of Dr. Fred E. Brown and a stipulated narrative of the testimony of decedent's foreman, describing the duties of decedent.

Decedent was in his fifties. He had a good work record and was a well-developed, husky man with no known health problems. He had worked about a year and a half for his employer. His

duties consisted of general work in a warehouse, packaging, shipping, receiving and making local deliveries by truck in Wichita. About once a week, as orders required, he made out of city deliveries.

On the day of his death, decedent left his employer's warehouse at about 7 a. m. His assignment for the day was to deliver, in a two and one-half ton truck, a load of fifteen drums of chemical spray weighing 550 pounds each to the Garner Flying Service at Emmett, Kansas.

The unloading operation, accomplished by the use of a two-wheel hand truck, was not shown to be a difficult physical feat. The evidence does not disclose to what extent, if any, decedent participated in unloading the drums.

Following the unloading, decedent proceeded from Emmett toward St. Marys and, while driving, experienced a pain in his chest. He stopped the truck and got out onto the roadway, where he was found by a passerby (Frank Gideon) and taken to the office of Dr. Brown in St. Marys at about 1:30 p. m. He died approximately one hour later.

Dr. Brown diagnosed the decedent's attack as a coronary occlusion.

In a comprehensive memorandum the trial court reviewed the evidence, set out verbatim the critical portions of Dr. Brown's testimony, and made an analysis and interpretation thereof. The trial court found that Dr. Brown's testimony failed to establish a direct causal connection between the work being done and the coronary occlusion and, therefore, concluded that claimants had failed to prove the injury arose out of decedent's employment.

Dr. Brown was unable to express an opinion as to whether the work engaged in by decedent had precipitated his heart attack. The doctor testified that coronaries have been produced by strain, but he pointed out that one school of medical thought holds that first occurrences of heart attacks are purely coincidental with the activity engaged in, while a second occurrence can be precipitated by strain. Dr. Brown further testified that decedent stated he had never suffered any prior heart trouble.

Since we are concerned with an appeal from findings of fact made by a district court in a workman's compensation proceeding, we next shall consider rules established by this court governing appellate review in such cases.

In an action under the Workmen's Compensation Act it is the function of the trial court to pass upon the facts and its factual findings cannot be disturbed on appellate review if they are supported by any substantial competent evidence. (*McDonald v. Rader*, 177 Kan. 249, 277 P. 2d 652, and *Kafka v. Edwards*, 182 Kan. 568, 322 P. 2d 785.)

In testing the record, as to whether it contains substantial competent evidence to support the judgment of the trial court, we are required to consider the evidence in the light most favorable to the prevailing party below. Further, we are concerned only with evidence which supports the findings of the trial court and not with evidence which would support a contrary finding. (*Lyon v. Wilson*, 201 Kan. 768, 443 P. 2d 314, and cases cited therein.)

This court will not examine the facts in a compensation case for the purpose of reweighing them in an effort to arrive at a conclusion and result different from that arrived at by the trial court. (*Karle v. Board of County Commissioners*, 188 Kan. 800, 366 P. 2d 241.)

When a coronary occlusion results in the death of a workman, the claimant has the burden of proving that the fatal occlusion arose out of the workman's employment—that is, there must be some causal connection. (*Lyon v. Wilson*, supra; and *Hanna v. Edward Gray Corporation*, 197 Kan. 793, 421 P. 2d 205.)

This court has applied the above mentioned rules in three recent workmen's compensation cases dealing with cardiac or vascular accidents. The cases referred to are *Meyers v. Consolidated Printing & Stationery Co.*, 201 Kan. 806, 443 P. 2d 319; *Lyon v. Wilson*, supra; and *Janousek v. Western Star Mill Co.*, 201 Kan. 380, 440 P. 2d 616.

As to the instant case, it suffices to say that after a careful examination of the record we are convinced it discloses sufficient competent evidence on which the trial court, as was its province, could arrive at the findings made. It follows that under the decisions to which we have referred such findings cannot be disturbed.

The judgment is affirmed.