No. 45,307

Daisy P. Osman, Widow of Virgil C. Osman, Deceased, *Appellee*, v. City of Wichita, Kansas (a Municipal Corporation), *Appellant*.

(454 P. 2d 427)

Opinion filed May 17, 1969.

Arthur G. Johnson, Assistant City Attorney of Wichita, argued the cause and John Dekker, City Attorney of Wichita, was with him on the brief for appellant.

Russell Cranmer, of Wichita, argued the cause and Gerald L. Michaud, Orval L. Fisher, M. William Syrios, Kenneth L. Ingham and Bradley Post, all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: Virgil C. Osman died from coronary insufficiency during working hours on October 30, 1962. The district court granted a workman's compensation award to his dependent wife. The employer appeals.

The sole issue presented is whether there was substantial evidence to support the finding that a causal connection existed between the death and the work Mr. Osman was doing shortly before he died.

The deceased had been employed by the City of Wichita at the water filtration plant as a maintenance mechanic. For more than a week before his death he had been repairing a large cone valve weighing several tons. His wife had noticed he appeared tired and nervous in the evenings. He had no history of heart disease and he appeared to feel well when he began the day's activities on the day of his death. When he arrived at the plant he was assigned to do grinding work inside the huge cone valve. This work was done with an electric grinder which weighed four or five pounds. While working he sat inside the valve and operated the grinder at

shoulder height by pressing it against the inside surface of the valve. Moderate physical activity was required. Mr. Osman operated the grinder for thirty to forty minutes. Other workers in the plant noticed Mr. Osman was pale and didn't look well. He took a coffee break and at this time complained of a real bad pain in his chest. In about thirty minutes he returned to his work. Later a fellow worker noticed Mr. Osman was sitting in the valve with the grinder idle in front of him. He complained of being cold and asked for help in getting out of the valve. At this time he had a purple or blue look about his face. After taking another rest he assisted a fellow worker in the unloading of copperas. This consisted of lifting half of a hundred pound sack and carrying it several feet. After unloading ten of these sacks he left and went to the rest room. Thirty minutes later Mr. Osman was found on the floor of the rest room. His body was cold. His face appeared purple or blue in color. No heart beat or breathing could be detected. He was pronounced dead on arrival at a hospital. The cause of death listed on the death certificate was coronary insufficiency. No autopsy was performed and the exact location or nature of his physical breakdown was not determined.

It should be noted in this case the claim arose October 30, 1962. The legislative change with reference to heart cases (K. S. A. 1968 Supp. 44-501) does not apply to claims arising prior to July 1, 1967. (*Pratt v. Seis-Tech Exploration Co.*, 199 Kan. 732, 735, 433 P. 2d 555; *Lyon v. Wilson*, 201 Kan. 768, 773, 443 P. 2d 314.) We are not concerned with whether the exertion precipitating this death was more than the workman's usual exertion in the course of his regular employment. Prior case law will be controlling in this case.

This court has previously held that coronary occlusion, coronary thrombosis, cerebral hemorrhage, thrombosis or hemorrhage, or acute heart failure which results in death of a workman is a personal injury by accident which may arise out of and in the course of his employment so as to be compensable. (See *Pingston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197 and cases cited therein at page 300.)

We have said if a workman's physical structure, whatever it may be, gives way under the stress of his usual labor, his death is an accident which arises out of his employment. (*Bohanan v. Schlozman Ford, Inc.*, 188 Kan. 795, 366 P. 2d 28.) This statement of law was recently iterated when a workman's death was caused by a

vascular accident resulting in a coronary occlusion. (*Meyers v. Consolidated Printing & Stationery Co.*, 201 Kan. 806, 443 P. 2d 319.)

In the present case two medical experts testified in response to hypothetical questions. Their testimony was inconclusive as to the causal connection, if any, between death from coronary insufficiency and the work Mr. Osman was doing. The inconclusiveness of their testimony may be explained in part by claimant's failure to have an autopsy performed on the body.

One doctor testified there was no causal connection in his opinion. On cross-examination he explained that he subscribed to what he considered a majority view among heart specialists that physical activity preceding a heart attack had no causal connection with the resulting death. He stated there were other heart specialists who held an opposite view.

The second doctor stated there may have been a causal connection but without an autopsy he would not say that a causal connection existed.

The medical testimony indicated that coronary insufficiency occurs when the coronary arteries, those which supply blood to the muscles of the heart, fail to carry adequate circulation to the heart muscles. Circulation is impaired or shut off for some reason. This results in damage to a certain amount of the heart muscle. If sufficient damage occurs to the heart muscle, the heart quits beating and death ensues. It is generally true the heart requires a greater blood supply when a person engages in physical activities.

In *Hanna v. Edward Gray Corporation*, 197 Kan. 793, 421 P. 2d 205, this court reviewed medical testimony which, standing alone, was inconclusive. In *Hanna* we said:

"Perhaps it has been a reluctance of the courts to thrust upon victims of industrial accidents the uncertainties of medical science that has led to the rule which permits consideration of lay testimony, together with the testimony of expert medical witnesses, to resolve issues in workmen's compensation cases relating to the injury of workmen and the causal relation of such injury to the employment." (p. 802.)

This court held in *Hanna* that lay testimony in the record was sufficient to support the trial court's decision finding a causal connection between the work the claimant was doing and his death from a coronary occlusion.

Causal connection may be inferred in the present case by considering only that testimony most favorable to upholding the district court's award. The workman had no previous history of heart

disease. Outward signs of physical distress appeared while he was engaged in the physical activity of his work. He complained of a bad pain in his chest. The purple or blue color which appeared on his face indicated the circulation of blood had been impaired. His death occurred while at work and within thirty minutes after he had helped another workman unload hundred pound sacks of copperas.

It was the function of the district court to weigh both the medical and the lay testimony. There is a basis in this evidence for the district court to find the decedent suffered an accidental injury arising out of and in the course of his employment and that there was a causal connection between the work Virgil C. Osman was doing and his death.

The judgment of the district court is affirmed.