546 P.2d 1271 (1975)
Carl TUCKER, and State Compensation Insurance Fund, No. 163918, Petitioners,
v.
CLAIMANTS IN the matter of the DEATH OF Carlos Vences GONZALES, and Industrial Commission of Colorado, Respondents.
No. 75-531.
Colorado Court of Appeals, Div. II.
December 26, 1975.
Rehearing Denied January 22, 1976.
Certiorari Denied March 8, 1976.
*1272 Francis L. Bury, William J. Baum, R. S. Ferguson, Denver, for petitioners.
John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. *1273 Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission.
Traylor, Palo, Cowan & Arnold, Charles J. Traylor, David L. McKinley, Grand Junction, for respondent, Carlos Vences Gonzales, Deceased.
Selected for Official Publication. 
PIERCE, Judge.
Employer Carl Tucker and the State Compensation Fund seek review of an order of the Industrial Commission awarding death benefits to the dependents of Carlos Gonzales under the Colorado Occupational Disease Disability Act, § 8-60-101 et seq., C.R.S.1973.
Carlos Gonzales was employed by Tucker in the mining of uranium from March 1957 to October 1958. After leaving Tucker's employ, Gonzales worked primarily as a construction worker up until the time of his death in September 1966. His death was later diagnosed as having been the consequence of lung cancer, and his dependents filed a claim for death benefits with the Industrial Commission on August 23, 1967, alleging that Gonzales had contracted the fatal carcinoma as a result of his exposure to radioactivity during his employment in Tucker's mines. After hearing, the referee entered an order granting death benefits premised on radiation exposure while in Tucker's employ, which order was adopted by the Industrial Comission as its final order in this matter.
Although petitioners opposed the award on factual grounds, their primary contention now is that the claim for death benefits is barred by operation of law. The validity of petitioners' contention hinges upon whether the claim of Gonzales' dependents is subject to the statutory provisions in effect at the time of the injurious exposure or whether the law in force at the time of Gonzales' death is applicable to the claim.
The law in effect at the time of Gonzales' employment required that, in order to be compensable, death from an occupational disease had to occur within one year from the employee's last injurious exposure, C.R.S.1953, 81-18-10(4), and that claims for benefits made by dependents of an employee based on death resulting from occupational disease had to be filed within six months after the employee's death. C. R.S.1953, 81-18-11(3). Gonzales did not die within one year after the last injurious exposure, and the dependents' claim was filed after the statutory period had elapsed. Hence, if the law in effect at the time of exposure is applicable, the award granted in this case must be set aside.
However, the Colorado Occupational Disease Disability Act was amended in 1961. As amended, no time limitation was imposed as to when death must occur following the last injurious exposure, and the time for the filing of a claim by dependents for compensation in radiation death cases was extended to three years. Colo. Sess.Laws 1961, ch. 165, 81-18-10 and 81-18-11. The effective date of the 1961 amendment was July 1, 1961. Colo.Sess. Laws 1961, ch. 165, at 509. The changes thereby incorporated into the Occupational Disease Disability Act have remained the law since that time and are presently codified as §§ 8-60-110 and 8-60-111, C.R.S. 1973. Hence, if the amended version of the statute is applicable here, the award was proper.
The Industrial Commission applied the provisions of the 1961 amendment to this case based on the premise that the Occupational Disease Disability Act is subject to liberal construction in favor of compensability. The petitioners argue that in so doing, the Industrial Commission acted beyond its powers. Their primary contention is that application of the 1961 amendment to this case is tantamount to giving that amendment retroactive effect contrary to legislative intent. We disagree.
The legislative intent in passing this amendment was that the new provision was to apply to all cases of disability or death occurring after the effective date of the legislation, regardless of the dates during *1274 which the employee had been exposed. Under prior law, the coverage provided in radiation cases was "meaningless and empty" since disablement or death would only very, very rarely occur within the statutory period. Parker, The Need for State Atomic Energy Programs in the West, 29 Rocky Mt.L.Rev. 296, 335. The 1961 amendment was apparently based on the perceived need to amend the Act to eliminate the unrealistic time limitations provided in the original enactment. See Sears & Groves, Worker Protection Under Occupational Disease Disability Statutes, 31 Rocky Mt.L.Rev. 462, 480.
Notwithstanding the legislative intent to establish more reasonable time limitations, the issue remains as to whether application of the 1961 amendment to this case would constitute our giving that amendment retroactive effect.
We are cognizant of the recognized canon of statutory construction that an enactment is not to be given retroactive effect unless the legislative intent to do so clearly and expressly appears. State Highway Department v. Stunkard, 115 Colo. 358, 174 P.2d 346. We are also aware that an express statement of retroactive intent does not appear in the 1961 amendment to the Occupational Disease Disability Act. This fact is not determinative, however, since the general rule is not pertinent where application of the statute to a particular fact situation does not, in fact, constitute retroactive application of the enactment.
A statute is not rendered retroactive merely because the facts upon which it operates occurred at a time antecedent to its application. Lohf v. Casey, 330 F.Supp. 356 (D.Colo.). Rather, our focus must be on whether the application of the act in question causes a deprivation of rights or an extension of the liabilities which had accrued at the time of enactment. State Highway Department v. Stunkard, supra; Bonfils v. Public Utilities Commission, 67 Colo. 563, 189 P.2d 775. If the cause of action of the dependents of Gonzales accrued prior to the effective date of the 1961 amendment, and the employer's liabilities were similarly established, then prior law controls, Valenzuela v. Mercy Hospital, 34 Colo.App. 5, 521 P.2d 1287, in the absence of express language to the contrary. See Jones v. O'Connell, 87 Colo. 103, 285 P. 762. If the rights of the claimants had not yet accrued in July 1961, however, and the limitations of the employer had not yet been established, application of the amended act does not constitute giving the amended act retroactive effect.
The procedure to be utilized in determining when a cause of action accrues is to ascertain when litigation could first have been successfully maintained. Skelly Oil Co. v. Harrell, 192 Okl. 101, 134 P.2d 136. In this case, no action by the dependents was maintainable until the death of Gonzales in 1966. At no time prior to death was the nature of Gonzales' illness known, nor was there significant disability prior to that time.
Under the Colorado Occupational Disease Disability Act, rights accrue neither at the time of exposure nor at the time the disease is contracted, but only at the time that disability or death occurs. Romero v. Standard Metals Corp., 29 Colo.App. 455, 485 P.2d 927; see also Silver King Coalition Mines Co. v. Industrial Commission, 2 Utah 2d 1, 268 P.2d 689, and Peterson v. Federal Mining & Smelting Co., 67 Idaho 111, 170 P.2d 611. The possible liability for compensable occupational disease, which must be contemplated by the employer at the formation of the employment relationship, is merely a potential cause of action until disability or death cause it to mature into an enforceable claim. Silver King Coalition Mines Co. v. Industrial Commission,. supra. Until disability or death occur, followed by the running of the statute of limitations, there is no right to be free of liability and, prior to the disability or death, the extent of liability of the employer could not be determined. *1275 There is no right to be free from liability vested merely upon the expectation of the continuation of applicable statutory law at the time of exposure to the radiation. See Silver King Coalition Mines Co. v. Industrial Commission, supra.
Therefore, the law which governs the rights and liabilities of the parties is that in force at the time of the disability and death, Osman v. Wichita, 203 Kan. 313, 454 P.2d 427; Hirst v. Cheverolet Muncie Division of General Motors Corp., 110 Ind.App. 22, 33 N.E.2d 773, and the application of the law then in effect does not involve a retroactive application of that law. Frisbie v. Sunshine Mining Co., 93 Idaho 169, 457 P.2d 408; Silver King Coalition Mines Co. v. Industrial Commission, supra.
This situation must be distinguished from that where an industrial accident, rather than an occupational disease, is involved. In that circumstance, by statutory mandate, the rights of the dependents arise at the time of the accident. See Claimants in re Death of Hampton v. Director of Division of Labor, 31 Colo.App. 141, 500 P.2d 1186. Nor is this a case where a legislative act is utilized to revive a claim which had earlier accrued and at the time of the enactment was barred by the general statute of limitations. See Willoughby v. George, 5 Colo. 80. Rather, this represents a case where no rights or liabilities for compensation had yet accrued at the time of the enactment.
The position of petitioners, that the law in effect at the time of exposure governs, would result in a right being lost before it had accrued. Fruehauf Corp. v. Workmen's Compensation Appeals Board, 68 Cal.2d 569, 68 Cal.Rptr. 164, 440 P.2d 236. Such a determination would fail to give effect to the beneficent and protective purposes of the Workmen's Compensation system. University of Denver v. Industrial Commission, 138 Colo. 505, 335 P.2d 292; Colorado Fuel & Iron Corp. v. Alitto, 130 Colo. 130, 273 P.2d 725. See also Silver King Coalition Mines Co. v. Industrial Commission, supra.
We hold that the right of Gonzales' dependents had not accrued by the effective date of the 1961 amendment, that the rights arose only upon his death, and that therefore, the application of the 1961 amendment by the Industrial Commission to the facts of this case does not constitute retroactive application.
Petitioners further contend that this court should hold that construing the 1961 amendment to govern this case tenders that amendment constitutionally invalid as both a retrospective law and as an impairment of the obligation of contracts. Such a disposition would not be warranted in light of our resolution of the principal issue.
Order affirmed.
ENOCK and KELLY, JJ., concur.