Honorable Robert S. Wham State Senator State Capitol Denver, Colorado 80203
Dear Senator Wham:
This is in reply to your letter of January 26, 1979, regarding the applicability of constitutional provisions to Senate bill 119.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether the legislature may validly enact legislation concerning a presently existing and regulated business,i.e., rental location agencies which would repeal the statutes in force and prescribe greater requirements without a "grandfather" clause being inserted for those presently in business?
My conclusion is "yes."
2. Whether the legislature may validly enact legislation requiring a businessman to acquire greater knowledge and education for licensing than one needs to transact the business?
My conclusion is "yes."
ANALYSIS
The Constitutions of the United States of America and Colorado prohibit "ex post facto" provisions. Article II, section 11, Colorado Constitution; article I, section 9(3), U.S. Constitution. Such provisions are defined as applying to criminal law only and are ones which seek to punish an act which has already been completed. Clearly, S.B. 119 is not "ex post facto" legislation.
The Colorado Constitution, section 11, article II, also prohibits "retrospective" legislation. The phrase "retrospective" or "retroactive" legislation is limited and, as stated in one opinion:
 A statute is not rendered retroactive merely because the facts upon which it operates occurred at a time antecedent to its application. Tucker v. Claimants in the Death of Gonzales, 37 Colo. App. 252, 255, 546 P.2d 1271, 1274 (1975).
In a recent case, Hammer v. Real Estate Commission,576 P.2d 191 (Colo.App. 1977), the court of appeals rejected the contention that an amendment to the statute regulating real estate brokers violated article II, section 11 of the Colorado Constitution. The amendment, which added a new ground for license revocation, was held applicable to a continuing course of conduct by the real estate broker which included acts both before and after the effective date of the amendment. By analogy, new statutory requirements can be placed on rental location agents who are in the business prior to the effective date of the statutory changes.
SUMMARY
The legislature may enact laws which restrict the operation of a business as long as the means are reasonably necessary to accomplish the purpose. Olin Mathieson Chem. Corp. v.Francis, 134 Colo. 160, 301 P.2d 139 (1956). In the bill under consideration, if the legislature decides that the present statutory enactments are and have not been sufficient to prevent fraud and the protection of the public, the state may prescribe such regulation as it believes will secure the people against fraud. Hammer v. Real Estate Commission,supra. Zeigler v. People, 109 Colo. 252,124 P.2d 593 (1942). Further, a statute will be sustained when attacked on the basis of due process unless it is shown that the statute has no relation to legitimate state goals. People v.Taylor, 540 P.2d 320 (Colo. 1975).
Very truly yours,
 J.D. MacFARLANE Attorney General
LICENSES REAL ESTATE AGENTS, BROKERS, DEALERS AND SALESMEN CONSTITUTIONS
C.R.S. 1973, 12-61-101 et seq.
Colo. Const. art. II, § 11
LEGISLATIVE BRANCH Senate REGULATORY AGENCIES, DEPT. Real Estate Commission
The legislature may validly enact legislation concerning a presently regulated business, which legislation prescribes greater requirements for licensure, without inserting a "grandfather" clause. The legislature may establish requirements on operation of a business reasonably related to protect the public.