MENDISCO & URRALBURA MINING COMPANY and State Compensation Insurance Fund, Petitioners,

v.

Albert JOHNSON and Industrial Commission of Colorado, Respondents.

No. 83CA0866.

Colorado Court of Appeals,
Div. I.

March 29, 1984.

Rehearing Denied May 3, 1984.

Certiorari Denied Aug. 20, 1984.

Russell A. Stanley, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent Albert Johnson.

TURSI, Judge.

Petitioners, Mendisco & Urralbura Mining Company and the State Compensation Insurance Fund, seek review of a final order of the Industrial Commission refusing to charge the subsequent injury fund for a portion of claimant's permanent

total disability payments in accordance with C.R.S.1963, 81–18–13(2) (now § 8–51–112(2), C.R.S. (1983 Cum.Supp.). We set aside the order, and remand with instructions to modify the award.

The determinative facts are essentially undisputed. Claimant Albert Johnson was employed as a uranium miner in several different mines for a total of approximately 23 years. On March 23, 1973, Johnson left his place of last employment, Mendisco & Urralbura, where he had worked for approximately 8 months. The reason for leaving was a respiratory condition subsequently diagnosed as pneumoconiosis.

On April 3, 1979, a hearing officer found that claimant suffered from a 50 percent permanent partial disability because of pneumoconiosis. The question of shifting responsibility for payment of benefits beyond the $7,500 threshold to the subsequent injury fund was not raised at the hearing or on petitioners' requested review before the Commission.

Claimant petitioned to reopen his claim on November 2, 1981, alleging that his condition had worsened. The hearing officer granted the petition and, on petitioners' motion, added the "Subsequent Injury Fund" as a party. At the conclusion of the hearing on the petition to reopen, the hearing officer found that claimant was permanently and totally disabled as a result of silicosis. By a supplemental order, the hearing officer found that the issue of liability of the Subsequent Injury Fund could not be raised for the first time on a petition to reopen. The hearing officer therefore refused to impose liability for claimant's disability upon the Subsequent Injury Fund. The Industrial Commission affirmed the order.

On review, petitioners contend that the Commission erred in failing to limit their liability for all disability payments owed to claimant to a maximum of $7,500. We agree.

■ Rights and liabilities for occupational diseases under the Colorado Workmen's Compensation Act accrue at the time the disability for which compensation is sought occurs. *Tucker v. Claimants in re Death of Gonzales,* 37 Colo.App. 252, 546 P.2d 1271 (1975). Such rights and liabilities are therefore determined by the law in effect at the time an occupational disease manifests itself, *see Tucker v. Claimants in re Death of Gonzales, supra,* except under certain exceptional circumstances not present here. *Cf. Martinez v. Industrial Commission,* 40 Colo.App. 485, 580 P.2d 36 (1978).

■ At the time claimant stopped working in March 1973, C.R.S.1963, 81–18–13 was in effect. It provided that:

"In any case where an employee of an employer becomes totally disabled from silicosis ... and if such employee has been injuriously exposed to such diseases while in the employ of another employer during his lifetime, the last employer or his insurance carrier, if any, shall be liable only for compensation and medical benefits ... up to the amount of seven thousand five hundred dollars."

The statute provided that benefits above that amount were to be paid from the subsequent injury fund.

Here, the evidence was undisputed that pneumoconiosis, of which silicosis is a particular form, develops only after years of exposure to particulates. It was also undisputed that claimant worked in the Mendisco & Urralbura mine for only the last 8 months of his 23-year mining career and that dusty conditions were common in the majority of mines in which he worked. The evidence thus established that claimant's pneumoconiosis resulted from repeated and prolonged injurious exposures to particulates of which his employment at Mendisco & Urralbura was only the most recent. The requirements for the application of C.R.S.1963, 81–18–13, were therefore met.

■ Petitioners also contend that the Industrial Commission erred in its determination that they were precluded from raising the issue of the statutory limits on its liability for the first time on a petition to reopen a claim. We agree.

■ A party may not relitigate original issues such as the existence of an occupational disease, degree of disability at the

first award, or work-connection in a proceeding to reopen a claim on the grounds of worsened condition. 3 *A. Larson, Workmen's Compensation Law* § 81.32(a) (1983); *see Maryland Casualty Co. v. Kravig,* 153 Colo. 282, 385 P.2d 669 (1963). Thus, if the issue of prior injurious exposure to materials causing pneumoconiosis at other employment had been decided adversely to petitioners at the original award, this issue could not be raised in a hearing on a petition to reopen for worsened condition. But, where, as here, the factual predicates for the imposition of liability upon the subsequent injury fund have been established by undisputed evidence, the issue may be raised at any time, since it involves only the application of the operative statute to facts which are no longer at issue.

The order of the Commission is set aside and the cause is remanded with instructions to modify the award to provide that petitioners are liable only for the first $7,500 in disability payments to claimant and that thereafter the subsequent injury fund is chargeable for any additional amounts.

PIERCE and SMITH, JJ., concur.