**SUBSEQUENT INJURY FUND, Petitioner,**

v.

**Charles T. TREVETHAN, Sam Nocki, Mary Paul, the Industrial Claim Appeals Office of the State of Colorado, and Colorado Compensation Insurance Authority, Respondents.**

Nos. 90CA0014, 90CA0120 and 90CA0121.

Colorado Court of Appeals, Div. C.

Feb. 14, 1991.

Rehearing Denied March 14, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Jill M.M. Gallet, Asst. Attys. Gen., Denver, for petitioner.

Douglas R. Phillips, Denver, for respondent Charles T. Trevethan.

Mettler & LeCuyer, P.C., Earl Mettler, Albuquerque, N.M., for respondents Sam Nocki and Mary Paul.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol Mullins, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Paul Tochtrop, Denver, for respondent Colorado Compensation Ins. Authority.

Opinion by Judge KELLY *.

In these consolidated cases, the Subsequent Injury Fund (Fund) seeks review of the final order of the Industrial Claim Appeals Office (Panel) ruling that the Fund is liable for interest on compensation in excess of $10,000 awarded to the three claimants. We affirm.

The applicable version of § 8–52–109(2), C.R.S. (1986 Repl.Vol. 3B) provides that: "Every employer or insurance carrier of an employer shall pay interest at the rate of eight percent per annum upon all sums not paid upon the date fixed by the award of the director for the payment thereof." The Fund argues that it is neither an employer nor an insurance carrier and, therefore, cannot be liable for interest under § 8–52–109(2). We disagree.

Resolution of the question at issue requires construction of three statutes: § 8–52–109(2), which governs payment of interest on workers' compensation awards, and §§ 8–51–106 and 8–51–112, C.R.S. (1986 Repl.Vol. 3B), which establish the Fund to pay compensation awards to subsequently injured workers.

■ A statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment and that achieves a just and reasonable result consistent with that purpose. Section 2–4–201(c), C.R.S. (1980 Repl.Vol. 1B); *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989). Also, statutes addressing the same subject must, if possible, be construed together to give full effect to the legislative purpose of each statute. *See Senior Corp. v. Board of Assessment Appeals*, 702 P.2d 732 (Colo. 1985); *Colorado Department of Social Services v. Board of County Commissioners*, 697 P.2d 1 (Colo.1985).

The legislative purpose underlying awards of interest under § 8–52–109(2) is not to impose a penalty or award an additional benefit, but merely to secure to claimants the value of the benefits to which they are entitled. *See Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo. 1985) (fn. 11). The legislative purpose underlying the Subsequent Injury Fund is to encourage employers to hire partially disabled workers by limiting the liability of employers who hire such workers in the event of subsequent injury and disability, *see Sears, Roebuck & Co. v. Baca*, 682 P.2d 11 (Colo.1984), while still providing full compensation benefits to subsequently injured workers from the Fund. *See* §§ 8–51–106 and 8–51–112.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

We agree with the Panel that the Fund is the functional equivalent of an employer's insurance carrier. The fund pays subsequently injured workers full compensation benefits that would be the responsibility of employers or insurance carriers if the Fund did not exist. *See Sears, Roebuck & Co. v. Baca, supra.* Providing subsequently injured workers with the full value of their benefits requires payment of interest when payment of benefits is delayed. We therefore conclude that the Fund is an "employer or insurance carrier of an employer" under § 8–51–109(2). *See Union Carbide Corp. v. Industrial Commission,* 40 Colo. App. 182, 573 P.2d 938 (1977), *aff'd,* 196 Colo. 56, 581 P.2d 734 (1978).

We reject the Fund's argument that the definition of insurance in § 10–1–102(7), C.R.S. (1987 Repl.Vol. 4A) precludes this construction. Section 10–1–102 provides that the definitions apply in Title 10. The definition does not apply to terms in Title 8.

The order is affirmed.

STERNBERG, C.J., and HODGES, J., concur.