**SUBSEQUENT INJURY FUND, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Clarence Reed, Respondents.**

No. 93CA1786.

Colorado Court of Appeals, Div. I.

Sept. 22, 1994.

Rehearing Denied Dec. 15, 1994.

Certiorari Denied July 24, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., William H. Hanson, Asst. Atty. Gen., Andrew R. Bantham, Asst. Atty. Gen., Denver, for petitioner.

No appearance for respondent Indus. Claim Appeals Office.

Withers, Seidman & Rice, P.C., Christopher Seidman, Grand Junction, for respondent Clarence Reed.

Opinion by Judge METZGER.

The Subsequent Injury Fund (SIF) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a retroactive increase in disability benefits for the occupational disease suffered by Clarence Reed (claimant). We affirm.

In 1988, claimant became permanently disabled by silicosis, an occupational disease. His award of benefits was based on his 1962 wages, that being the time of his last injurious exposure leading to the disease. After the decision in *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991) was announced, the claimant was allowed to reopen his claim.

The Administrative Law Judge (ALJ) recalculated claimant's benefits based on his 1988 wages and awarded the increased benefits retroactively to July 1, 1988, the stipulated date of the claimant's permanent disability.

Arguing that the *Henderson* decision established a new rule of law and therefore should not be applied retroactively, the SIF appealed to the Panel, which affirmed the ALJ's order.

## I.

In *Henderson v. RSI, Inc., supra,* a division of this court determined that the calculation of disability benefits for an occupational disease should be based on the claimant's wages at the time he became disabled rather than on his wages at the date of his last injurious exposure. The SIF contends that this decision established a new rule of law. Therefore, it argues, in order to determine whether the decision should have been applied retroactively, the ALJ was required to weigh all the factors set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and adopted by our supreme court in *People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982). The SIF contends that the ALJ's failure to do so requires the resulting order to be reversed. We disagree.

The standard for retroactive application of decisions in civil cases, as set out in *Chevron Oil Co. v. Huson, supra,* and *People in Interest of C.A.K., supra,* can be summarized as follows.

First, if the decision is not to be applied retroactively, it must establish a new rule of law. Establishment of a new rule of law can occur in one of two ways: either by overruling past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

Second, the merits of each case must be weighed by looking to the purpose and effect of the rule in question and determining whether retroactive application will further or retard its operation.

Third, the inequity imposed by retroactive application must be weighed to avoid injustice or hardship.

If a decision does not establish a new rule of law, it is given the retroactive effect traditionally accorded to all judicial decisions and any analysis of the second and third *Chevron* factors is unnecessary. *Loffland Brothers Co. v. Industrial Claim Appeals Panel,* 770 P.2d 1221 (Colo.1989).

Here, the parties agree that the decision in *Henderson* did not overrule past pre-

cedent. However, the SIF argues that the *Henderson* decision was not clearly foreshadowed. We disagree.

The decision in *Henderson* was based on a series of precedents dating from 1971 which had ruled that rights and liabilities for occupational disease are determined at the time of disablement, not at the time of exposure.

Thus, as was noted in *Henderson v. RSI, Inc.,* 824 P.2d at 96: "Our court has consistently held that an occupational disease is compensable only if it results in disablement and that rights and liabilities for occupational diseases are governed by the law in effect at the onset of disability."

The decisions referenced in *Henderson* include *Romero v. Standard Metals Corp.,* 29 Colo.App. 455, 485 P.2d 927 (1971), in which "disability" was defined as "the event of becoming physically incapacitated by reason of an occupational disease." Following that case, a division of this court set aside benefits when no disability had developed from an occupational exposure. *City of Littleton v. Schum,* 38 Colo.App. 122, 553 P.2d 399 (1976). Then, a division of this court held in 1984 that rights and liabilities for occupational diseases are determined by the law in effect at the time the occupational disease manifests itself. *Mendisco & Urralbura Mining Co. v. Johnson,* 687 P.2d 492 (Colo. App.1984).

These cases lead logically to the determination in *Henderson* that the time of injury for a disability arising from an occupational disease is the time when the disability manifests itself. These long-standing decisions consistently and clearly foreshadowed *Henderson's* interpretation of § 8–40–201(2), C.R.S. (1994 Cum.Supp.).

Accordingly, we conclude that the *Henderson* decision did not establish a new rule of law. Thus, an analysis of the remaining two factors set out in *Chevron Oil Co. v. Huson, supra,* and *People in Interest of C.A.K., supra,* is unnecessary to our holding that the Panel correctly determined that the decision in *Henderson* should be applied retroactively.

## II.

The SIF also contends that the award of interest on the increased benefits should be calculated from the date the petition to reopen was filed. It argues that § 8–43–410(2), C.R.S. (1994 Cum.Supp.) contemplates an award of interest from the date it had notice and must be read in context with the reopening statute, § 8–43–304, C.R.S. (1994 Cum.Supp.). We disagree.

The purpose of § 8–43–410(2) is not to impose a penalty or to award an additional benefit. Instead, the statute is intended to secure to claimants the value of the benefits to which they are entitled. *Subsequent Injury Fund v. Trevethan,* 809 P.2d 1098 (Colo. App.1991). Although here the payment of full benefits was not ordered until after the petition to reopen had been filed, the claimant would not receive the full value of those benefits unless he also received the interest.

In so ruling, we note that § 8–43–410(2) provides for the payment of interest either from the date fixed in the award or from the date the employer or insurer became aware of the injury. Hence, the statute itself contemplates a situation in which an award of interest may be appropriate regardless of the timing of the notice to the employer or insurer. Moreover, here, the date fixed in the award is the same as the date from which the SIF became responsible for benefits. Therefore, we agree with the Panel that the award of interest is necessary to make the claimant whole. *See L.E.L. Construction v. Goode,* 849 P.2d 876 (Colo.App.1992), *rev'd on other grounds,* 867 P.2d 875 (Colo.1994).

Order affirmed.

RULAND and ROY, JJ., concur.