**CITY OF COLORADO SPRINGS, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and William Sopp, Respondents.**

No. 03CA0890.

Colorado Court of Appeals, Div. III.

Feb. 26, 2004.

Dworkin, Chambers & Williams, P.C., Gregory K. Chambers, C. Sandra Pyun, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Alexander & Ricci, P.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Respondent William Sopp.

Opinion by Judge KAPELKE.

City of Colorado Springs (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that a workers' compensation claim filed by William Sopp (claimant) was not barred by the two-year statute of limitations in § 8–43–103(2), C.R.S.2003. We affirm.

Claimant was employed as a fireman for thirty-one years, and he suffered substantial exposure to smoke. In the early 1990s, he began experiencing exertion-induced shortness of breath and tightness in his chest, and by 1992 he was suffering from persistent coughing and congestion. He sought medical treatment from his family doctor and several specialists throughout the remainder of the 1990s.

The administrative law judge (ALJ) found that by the early 1990s, claimant believed there was a relationship between his respiratory problems and the irritants to which he was exposed at work. In November 1999, claimant notified employer that he suspected he suffered from a work-related injury, and employer filed a first report of injury later that month. However, claimant continued to work until February 2000, when he retired because he believed he was no longer capable of performing his duties.

In her initial order, the ALJ found that claimant suffered from an occupational disease caused by the inhalation of smoke while fighting fires. She also found, however, that claimant "recognized the nature and seriousness of his condition, as well as the probable relationship between the condition and his work" by 1992, when he sought treatment. The ALJ therefore concluded that the claim was barred by the statute of limitations because it was not filed within two years after the "injury." The ALJ rejected claimant's argument that the limitation period did not begin to run until he experienced the "onset

of disability," which claimant equates with the date of his retirement.

The Panel remanded, concluding that the ALJ misapplied the law because, for a claimant to appreciate its seriousness and probable compensable nature, the injury must be "to some extent" disabling so as to entitle the claimant to disability benefits.

In her second order, entered on remand, the ALJ found that although claimant had previously recognized the symptoms of respiratory disease and "believed" it was "probably" work-related, he did not miss any work until 2000, when the disease became disabling and he retired. The ALJ found that because claimant did not recognize the probable compensable nature of the injury until that time, his claim was not barred by the statute of limitations. The Panel affirmed.

Employer contends that the Panel erred in determining that the limitation period does not begin to run until there is a compensable disability. We disagree.

■ Section 8–43–103(2) requires that a notice claiming compensation be filed within two years after the "injury." The limitation period commences when the claimant, as a reasonable person, should recognize the nature, seriousness, and probable compensability of the injury. *City of Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194 (1967); *City of Durango v. Dunagan*, 939 P.2d 496 (Colo. App.1997).

■ The "injury" referred to in the statute of limitations includes an occupational disease. *See* § 8–40–201(2), C.R.S.2003 (for purposes of the Workers' Compensation Act, " 'injury' … includes disability or death resulting from accident or occupational disease"). The term "injury" has been construed to mean a *compensable* injury. *City of Boulder v. Payne, supra*; *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991). An injury is not compensable where a claimant continues to work and to receive regular wages. *Romero v. Indus. Comm'n*, 632 P.2d 1052 (Colo.App.1981).

■ Further, an occupational disease is compensable only if it results in disablement. Thus, the time of injury for a disability aris-

ing from an occupational disease is when the disability manifests itself. *Subsequent Injury Fund v. Indus. Claim Appeals Office*, 899 P.2d 220 (Colo.App.1994).

■ Therefore, when an occupational disease is at issue, the limitation period in § 8–43–103(2) begins to run as of the date the claimant becomes disabled.

Accordingly, we agree with the Panel that for a claimant to recognize the probable compensable nature of an injury, the injury must be of sufficient magnitude to cause a disability that would lead a reasonable person to recognize that he or she may be entitled to disability benefits.

Characterizing this rule as akin to an "onset of disability" rule, employer contends that it simply does not apply in the statute of limitations context. Employer argues that the "onset of disability" rule is a means to "resolve various issues regarding the particular rights and liabilities which govern a particular claim." By way of example, employer points out that the onset of disability is used to determine whether a claim is subject to reopening under § 8–43–303, C.R.S.2003.

However, § 8–43–303, which prescribes the period for filing a reopening, *is* a statute of limitations. *See Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850 (Colo. 1992); *Valdez v. United Parcel Serv.*, 728 P.2d 340 (Colo.App.1986). Therefore, contrary to employer's assertion, we conclude that the onset of disability is an appropriate test for determining when the limitation period begins to run in occupational disease cases. *See Ortiz v. Charles J. Murphy & Co.*, 964 P.2d 595 (Colo.App.1998)(applying onset of disability rule to find that claimant's petition to reopen an occupational disease claim was untimely).

The onset of a disability occurs when the occupational disease impairs the claimant's ability to perform his or her regular employment effectively and properly or when it renders the claimant incapable of returning to work except in a restricted capacity. *Leming v. Indus. Claim Appeals Office*, 62 P.3d 1015 (Colo.App.2002).

Here, the ALJ found that claimant did not recognize the probable compensable nature of the disease until the effects of the disease forced him to retire in 2000. As discussed, until then, claimant continued performing his regular duties and could not have maintained an action for workers' compensation disability benefits. *See Romero v. Indus. Comm'n, supra.* Under these circumstances, the Panel correctly affirmed the ALJ's determination that the claim was not barred by the statute of limitations.

That claimant actively sought treatment during the 1990s does not persuade us to reach a contrary conclusion. Because a claimant's need for treatment of an occupational disease does not necessarily coincide with the disability, *see Leming v. Indus. Claim Appeals Office, supra,* the ALJ could properly find that claimant only later became aware that his injury was compensable.

The order of the Panel is affirmed.

Judge VOGT and Judge WEBB concur.