No. 21236.

CHARLES B. MICELI AND THE INDUSTRIAL COMMISSION OF COLORADO *v.* STATE COMPENSATION INSURANCE FUND.
(401 P.2d 835)

Decided May 10, 1965.     Rehearing denied May 24, 1965.

JAMES W. HEYER, for plaintiff in error, Charles B. Miceli.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error, Industrial Commission of Colorado.

FRANCIS L. BURY, ALIOUS ROCKETT, FEAY B. SMITH, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

BY writ of error, Miceli and the Industrial Commission, seek review of a district court order which reversed the findings and award of the Commission favoring Miceli, which arose out of a proceeding under C.R.S., '53, 81-1-1 et seq.

The sole question before the trial court and which is now here for our determination is whether Miceli was injured during the course of his employment or whether he suffered an occupational disease which is not covered by C.R.S. '53, 81-18-1 et seq. The Commission held he suffered from an accident and the trial court held to the contrary.

The record discloses that Miceli owned and operated a pizzeria wherein he, as the owner, made all of the pizza himself. He would roll the dough in flour on a table, knead it, toss it in the air, stretch it and pull it. In the course of this operation, considerable loose flour was stirred into the air, breathed by Miceli and covered his clothes, face, eyebrows and hair. After five years of such work at from 16 to 17 hours a day, he developed what his doctor diagnosed as pulmonary emphysema and

206

mild pulmonary fibrosis. He filed a claim in 1962 asserting injury as an occupational disease.

In our view the trial court was correct in reversing the findings and award of the Commission favoring the claimant. In *Industrial Commission v. Ule*, 97 Colo. 253, 48 P.2d 803 (1935) we approved a definition of an occupational disease as one that is "normally peculiar to and gradually caused by the occupation." In *C. F. & I. Corp. v. Ind. Commission, et al.*, 154 Colo. 240, 392 P.2d 174 (1964), we approved a quotation defining an occupational disease as one "contracted in the usual and ordinary course of events, which from the common experience of humanity is known to be incident to a particular employment." Also, in the *C. F. & I.* case it was pointed out that an accident under the Workmen's Compensation Act is an occurrence traceable to a definite time, place and cause.

In the instant case Miceli's affliction is one caused gradually by his occupation. He failed to demonstrate how his disease was one caused by an incident at a particular time or how it differs, for example, from silicosis which is also developed by a constant inhalation of contaminated air and which is now covered by the Occupational Disease Act. Unfortunately, claimant's particular disease is one not covered by the statute. The Act does not attempt to cover all diseases, as distinguished from accidents arising out of and during the course of employment. Merely because the legislature has seen fit to extend similar provisions like Workmen's Compensation benefits to certain occupational diseases does not — contrary to the contentions of Miceli — mean that all diseases not listed within the Occupational Disease Act are now by some form of legal alchemy to be considered as accidents.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.