504 P.2d 367 (1972)
CITY AND COUNTY OF DENVER and Division of State Compensation Insurance Fund, Petitioners-Appellants,
v.
James A. MOORE and Industrial Commission of Colorado, Respondents-Appellees.
No. 72-082.
Colorado Court of Appeals, Div. II.
September 19, 1972.
*368 Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., Denver, for petitioners-appellants.
Philip M. Jones, Denver, for respondent-appellee James A. Moore.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent-appellee Industrial Commission of Colorado.
Selected for Official Publication.
ENOCH, Judge.
The City and County of Denver (employer) and Division of State Compensation Insurance Fund filed a petition to review a final order of the Industrial Commission awarding workmen's compensation benefits to James A. Moore (employee).
The main issue raised by this appeal is whether the loss of hearing suffered by Moore is non-compensable as being the result of an "occupational disease" admittedly not covered by the Colorado Occupational Disease Disability Act, or whether the loss of hearing was the result of an accidental injury and thus compensable.
Moore was hired as a policeman by the City on May 1, 1947, and has continued in that employment to the present time. Each month Moore was required to fire his .38 caliber service pistol for record on the police firing range. A minimum of ten shots each month is required of each officer. The firing range is in the basement of the police building and is described as having a low ceiling with five, three foot wide, firing booths at one end. Five officers fire their qualifying rounds at the same time. Each month, Moore complained to his supervisor that the concussion caused by the firing hurt his ears. He was told to put a spent cartridge or cotton in his ears. The cotton afforded no relief and the spent cartridges intensified the noise.
In April 1968, after again complaining to his supervisor, Moore was given a pass to Denver General Hospital to have his ears checked. He was immediately referred by the hospital doctor to an ear specialist, Dr. Tabor. In a letter dated May 13, 1968, Dr. Tabor reported that Moore had only a mild neurosensory hearing loss and recommended that he wear ear muffs while on the firing range. Continuing thereafter to experience discomfort from repeated experiences on the firing range, Moore was sent by his division chief to another ear specialist, Dr. Husted, in March 1969. Dr. Husted determined that Moore then had a marked hearing loss of 35% in his right ear and about 5% in his left ear caused by acoustic trauma. Surgery performed on *369 the right ear in April 1969 was only partially successful in restoring some of the hearing loss. The injury was formally reported to the employer April 28, 1969, and Moore filed his claim for compensation on December 22, 1969.
It is not disputed that the employee's hearing loss was caused by his repeated exposure to the concussions at the firing range. After this injury was reported, the employer had tests made at the firing range. These tests disclosed that the noise was excessive, and, subsequently, all officers were required to wear ear muffs while firing.
The Colorado Supreme Court has had several occasions to define the terms, "accident" and "occupational disease" as applied in workmen's compensation cases.
". . . [A]n `accident' is traceable to a particular time, place and cause, whereas an `occupational disease' is acquired in the usual and ordinary course of employment and is recognized from common experience to be incidental thereto." Colorado Fuel & Iron Corp. v. Industrial Commission, 154 Colo. 240, 392 P.2d 174. See also Industrial Commission v. La Foret Camps, 125 Colo. 503, 245 P.2d 459.
"An occupational disease is one `contracted in the usual and ordinary course of events, which from the common experience of humanity is known to be incident to a particular employment.'... `normally peculiar to and gradually caused by the occupation.' ... [and] `due wholly to causes and conditions which are normal and constantly present and characteristic of the particular occupation.'" Colorado Fuel & Iron Corp. v. Industrial Commission, supra. See also Miceli v. State Compensation Insurance Fund, 157 Colo. 204, 401 P.2d 835.
The City claims that, under the cited definitions, Moore's disability is the result of an occupational disease because his loss of hearing is the result of repeated monthly exposures at the firing range and cannot be traced to one specific instance at a particular time, place and cause. The City further contends that Moore's condition arose in the usual and ordinary course of events, which from common experience is known to be incident to his particular employment. We do not agree.
The acoustic trauma which caused the injury was a result of exposure at the firing range once a month. Thus, these traumatic occurrences are traceable to a particular time, place and cause and are well within the definition of "accident" as set forth above. The fact that an injury results from a series of traumatic events does not prevent that injury from being compensable as proximately caused by accident. Industrial Commission v. La Foret Camps, supra. Further, there is no evidence in this case that hearing loss is normally peculiar to and gradually caused by the occupation of police officer so as to bring loss of hearing within the definition of an occupational disease.
Appellants argue that, even if claimant's condition is found to be the result of an accident, his claim is, nevertheless, barred because it was not timely filed. In support of this argument, they point out that the traumas occurred monthly since 1947, yet a claim was not filed until 1969. 1969 Perm.Supp., C.R.S.1963, 81-13-5(2), states in part:
". . . The right to compensation and benefits, as provided by this chapter, shall be barred unless within one year after the injury, ... a notice claiming compensation shall be filed with the division. . . ."
The critical date involved in this one year statute of limitations is not the date of the accident, but the date of the injury. The time for filing a notice claiming compensation begins to run when the claimant, as a reasonable man, should have recognized the nature, seriousness, and probable compensable character of his injury. Industrial Commission v. Canfield, 172 Colo. 18, 469 P.2d 737; City of Boulder v. Payne, 162 Colo. 345, 426 P.2d 194.
*370 Dr. Tabor's report of May 13, 1968, revealed the mild hearing loss. Dr. Husted's examination in March 1969 revealed the marked loss of hearing. The injury was formally reported April 28, 1969, and claim was filed December 22, 1969. Thus, claimant met the time requirements, as he was not required to make a report or file a claim until after the discovery of the injury even though the traumatic episodes causing the injury may have occurred some time prior to the discovery of the injury.
We find no problem, as asserted by the City, concerning the allocation of disability as required by C.R.S.1963, 81-8-2. Such allocation must be based on evidence. Mathews v. Industrial Commission, 144 Colo. 146, 355 P.2d 300. In the case at hand, there is no evidence of extent of disability upon which any allocation could be based.
Contrary to appellants' assertion, the Commission's findings are adequate, and we agree with its conclusions.
Order affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.