580 P.2d 36 (1978)
Tony MARTINEZ, Sr., Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado, State Compensation Insurance Fund, and Colorado Forest Products, Inc., Respondents.
No. 77-970.
Colorado Court of Appeals, Division II.
March 23, 1978.
Rehearing Denied April 13, 1978.
Certiorari Denied June 19, 1978.
*37 Brauer & Simons, P. C., Thomas B. Buescher, Denver, for petitioner.
*38 James A. May, Francis L. Bury, Robert S. Ferguson, Denver, for respondents State Compensation Ins. Fund and Colorado Forest Products, Inc.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Solr. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
BERMAN, Judge.
In this workmen's compensation case, the claimant, Tony Martinez, Sr., sustained a permanent loss of hearing as a result of his exposure to noise at his place of employment with Colorado Forest Products, Inc. However, the Industrial Commission denied the claimant benefits for permanent partial disability on the basis that the hearing loss resulted from an "occupational disease," rather than an "accidental injury," as those terms are defined by the "Workmen's Compensation Act of Colorado,"§ 8-40-101, et seq., C.R.S. 1973, and on the basis that the "Colorado Occupational Disease Disability Act,"§ 8-60-101, et seq., C.R.S. 1973, which was repealed effective September 1, 1975, did not provide permanent partial disability benefits for a loss of hearing. Although we agree with the Commission's determination that claimant's hearing loss resulted from an occupational disease rather than an accidental injury, we conclude that such hearing loss was compensable, and accordingly set aside the order of the Commission.
The relevant facts are undisputed. Claimant has worked in lumber mills for approximately 26 years operating a "planer," a machine which typically produces substantial noise. Sometime in April of 1973 the claimant became aware of an impairment to his hearing, and on June 5, 1973, consulted a doctor who advised him that his eardrums had been damaged as a result of prolonged exposure to the noise at work. Shortly thereafter, claimant advised his employer of his hearing impairment, but continued his employment without interruption. On April 22, 1975, claimant filed a claim seeking compensation on the basis that his hearing impairment was an accidental injury, and on June 19, 1975, pursuant to a letter from the Division of Labor, claimant also sought compensation for the impairment as an occupational disease. A hearing on both these grounds for compensation was held on October 22, 1975.
At the October 22 hearing, claimant testified that he had been employed as a "planer" with Colorado Forest Products, Inc., for approximately ten years and was still so employed. A medical report from claimant's doctor dated April 14, 1975, stated that claimant had sustained a hearing loss for both ears of 9%. In a subsequent report, dated November 10, 1975, claimant's doctor stated that since the report of April 14, 1975, there had been a further deterioration of claimant's hearing and that his total hearing disability had increased to 11% for both ears.

I.
Preliminarily, we address respondents' contention that claimant's petition to review the referee's order was not timely and that, accordingly, we lack jurisdiction to review the Commission's final order. While the referee issued an order rejecting claimant's occupational disease contention on December 16, 1975, the referee subsequently acknowledged that claimant's accidental injury contention presented "an additional unresolved issue." Consequently, the referee rendered a supplemental order, also unfavorable to claimant, on July 26, 1976, from which time claimant indisputably complied with all procedural requisites for review here.
Review in this court may not be sought of interlocutory orders of the Industrial Commission or of those orders not resolving all of the issues advanced by a claimant. Munoz v. Industrial Commission, Colo.App., 577 P.2d 317 (No. 77-616, announced March 9, 1978). And, since the referee here acknowledged that the October 22 hearing was to determine whether either of the grounds advanced by claimant for compensation of his hearing loss was meritorious, claimant was justified in waiting for an order resolving both bases of his claim before seeking review.

*39 II.
In Colorado Fuel & Iron Corp. v. Industrial Commission, 154 Colo. 240, 392 P.2d 174 (1964), the Supreme Court distinguished between "occupational disease" and "accidental injury" as follows:
"`An occupational disease is one "contracted in the usual and ordinary course of events, which from the common experience of humanity is known to be incident to a particular employment." ... one "normally peculiar to and gradually caused by the occupation."... [and] "due wholly to causes and conditions which are normal and constantly present and characteristic of the particular occupation."'
. . . . .
"[A]n `accident' is traceable to a particular time, place and cause . . . ." (citations omitted)
See also § 8-41-108(1) and (3), C.R.S. 1973 (1976 Cum.Supp.); Miceli v. State Compensation Insurance Fund, 157 Colo. 204, 401 P.2d 835 (1965); and Industrial Commission v. La Foret Camps, 125 Colo. 503, 245 P.2d 459 (1952).
Here, it was undisputed that claimant's loss of hearing resulted from his continuous exposure to the noise made by running lumber through a planer, and that exposure to such noise is incident to claimant's occupation. Accordingly, the Commission correctly concluded that claimant's loss of hearing was an occupational disease.
City and County of Denver v. Moore, 31 Colo.App. 310, 504 P.2d 367 (1972), relied upon by claimant, is inapposite. There a police officer sustained a hearing loss as a result of once a month exposures to noise at a firing range, and the court in ruling that the loss of hearing was the result of an accidental injury stated:
"Thus, these traumatic occurrences are traceable to a particular time, place and cause and are well within the definition of `accident' as set forth above. The fact that an injury results from a series of traumatic events does not prevent that injury from being compensable as proximately caused by accident." (citation omitted)
In the present case, claimant's hearing disability did not result from an identifiable series of traumatic events, and accordingly, as the Commission determined, claimant's injury was not "accidental" within the meaning of the Workmen's Compensation Act.

III.
Prior to an amendment effective July 1, 1973, the "Colorado Occupational Disease Disability Act" did not provide compensation for injuries resulting from diseases not specifically listed in that Act. See Miceli v. State Compensation Insurance Fund, supra; City and County of Denver v. Moore, supra.
The July 1, 1973, amendment to the Act, however, provided that diseases meeting the conditions of§ 8-60-110(1)(a), C.R.S. 1973, were compensable. Under that statute, benefits were to be awarded if:
"There is a direct causal connection between the conditions under which the work was performed and the occupational disease, and the disease can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment and can be fairly traced to the employment as a proximate cause and does not come from a hazard to which workmen would have been equally exposed outside of the employment. The disease must be incidental to the character of the business and not independent of the relation of employer and employee. The disease need not have been foreseen or expected but after its contraction must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence. The burden of proof shall be upon the employee to establish each and every such fact by competent medical evidence."[1] *40 Compare § 81-18-9, C.R.S. 1963, with § 8-60-109, C.R.S. 1973.
In the present case, although claimant became aware of his hearing disability prior to the July 1, 1973, amendment to the Occupational Disease Act, he continued working for his employer after discovery of the impairment and suffered a further loss of hearing as a result of such continued employment. In such circumstances, claimant is entitled to the benefit of the amendatory legislation.
Section 8-51-112, C.R.S. 1973 (1976 Cum.Supp.), provides in part:
"Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier."
See also § 8-60-113(1), C.R.S. 1973; Climax Uranium Co. v. Smith, 33 Colo.App. 337, 522 P.2d 134 (1974); Union Carbide Corp. v. Industrial Commission, Colo.App., 573 P.2d 938 (1977). This statutory provision evidences a legislative intent to impose liability for injury resulting from an occupational disease on the basis of the date of the last injurious exposure to the hazards of the disease, rather than the date of the initial onset of the disease.
Further, § 8-60-126, C.R.S. 1973, expressly provided that:
"Where an employee, though not actually disabled, is found upon competent medical and X-ray examination to be affected by an occupational disease, he, with the approval of the director, may waive in writing compensation for any aggravation of his condition that may result from his continuing in his hazardous occupation. . . ."
See also § 81-18-26, C.R.S. 1963. And, § 8-51-113, C.R.S. 1973 (1976 Cum.Supp.), provides as follows:
"No waiver of compensation or medical benefits by an employee for aggravation of any preexisting condition or disease shall be allowed under articles 40 to 54 of this title. This section, however, shall not invalidate any such waiver so filed and approved prior to March 1, 1977, under the provisions of the `Colorado Occupational Disease Disability Act,' which is repealed effective September 1, 1975."
We therefore conclude that when an employee is disabled as a result of an occupational disease and so advises his employer, but continues in the same employment, the extent of the employer's liability is to be determined by reference to the statute in effect on the date of the last injurious exposure to the hazards of the disease. [2]
Here, the claimant was still employed in the same high noise environment on October 22, 1975, the date of the hearing on his claim. Accordingly, claimant's right to benefits should be determined by reference to the statutory liability in effect on such date.
The order of the Commission is set aside and the cause is remanded for further proceedings consistent with the views expressed herein.
ENOCH and VAN CISE, JJ., concur.
NOTES
[1] Effective September 1975, the Occupational Disease Act was repealed and compensation for occupational diseases was provided for by amendments to the Workmen's Compensation Act. Section 8-51-104(1)(hh) and (ii), and (7), C.R.S. 1973, expressly provide for compensation for loss of hearing.
[2] Of course, the rule enunciated here would have no applicability to an accidental injury where the statute in effect on the date of the injury is controlling. See Eight Thousand West Corp. v. Stewart, Colo.App., 546 P.2d 1281 (1976).