Arthur L. **VALDEZ**, Petitioner,

v.

**UNITED PARCEL SERVICE,** Liberty Mutual Insurance Company, and the Industrial Commission of the State of Colorado, Respondents.

No. 85CA1191.

Colorado Court of Appeals,
Div. II.

May 29, 1986.

Rehearing Denied July 31, 1986.

Certiorari Denied (United Parcel)
Oct. 20, 1986.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Colorado Springs, for petitioner.

Donald E. Cordova, P.C., John M. Connell, Denver, for respondents United Parcel Service and Liberty Mut. Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

VAN CISE, Judge.

Arthur Valdez (claimant) seeks review of a final order of the Industrial Commission which determined that there was insufficient evidence that he sustained an industrial injury entitling him to workmen's compensation benefits. We set the order aside and remand for further proceedings.

Claimant sustained an industrial back injury at United Parcel Service (UPS) in 1978 for which he received workmen's compensation benefits. In subsequent years, he experienced intermittent back problems for which he sought medical attention. However, he was not disabled as a result of these later problems.

Thereafter, he filed a second claim for benefits, asserting that on March 25, 1983, he injured his back while loading a conveyor belt at UPS. UPS and its insurance carrier denied liability for this injury, and a hearing was held.

At the conclusion of the hearing, the hearing officer found in pertinent part:
"1. ... [C]laimant has had back trouble for at least five years prior to the alleged accident, however the evidence sufficiently shows that claimant's back condition is exclusively related to his employment with respondent employer.
2. Claimant has alleged that he sustained a *new* injury on March 25, 1983. However, the hearing officer finds that the evidence is insufficient to find that a *new* injury occurred and that claimant's current condition is the result of a previous injury or injuries, related to claimant's employment with respondent employer." (emphasis in original)

Benefits were therefore denied. The Commission affirmed and adopted the hearing officer's findings and conclusions.

█ On review, claimant contends that the evidence does not support the Commission's findings that his condition was not the result of the March 1983 incident. We disagree.

There was conflicting evidence on this issue. The hearing officer noted that claimant did not mention the March 1983 incident to his physician when he sought treatment for his then current problems. Rather, claimant referred only to previous back problems. We note also that claimant's medical records indicate that he had been having back problems two weeks prior to the alleged injury. Further, a medical statement which claimant completed on March 28, 1983, does not mention an incident on March 25, but rather refers to long-standing back pain.

This evidence, although conflicting with claimant's testimony, lends substantial support to the Commission's finding. We are therefore bound on review. *See Black Mountain Spruce, Inc. v. Johnson,* 670 P.2d 1241 (Colo.App.1983).

█ We nevertheless determine that the cause must be remanded because the Commission's findings are insufficient. We are specifically concerned with the Commission's finding that claimant's current condition is the result of a previous *injury or injuries* related to claimant's employment. In order that this case be properly resolved, it is necessary that the Commission state which of claimant's prior injuries caused his current disability.

If one of the intermittent injuries which resulted in no disability at the time is the cause, then claimant's current condition could constitute a new injury. For compensation purposes, an injury occurs when an employee should recognize the nature, seriousness, and probable compensable character of a work related condition. *See Thye v. Vermeer Sales & Service*, 662 P.2d 188 (Colo.App.1983); *City & County of Denver v. Moore*, 31 Colo.App. 310, 504 P.2d 367 (1972). It is not necessary for the injury to be solely initiated on the date the worker recognizes it. Rather, an injury is compensable even if it is the result of a series of traumatic industrial events. *See City & County of Denver v. Moore, supra.*

Here, claimant's recognition of a compensable injury could reasonably not have been triggered until disability occurred. Because no disability resulted from prior injuries, the date of the injury would be March 25, 1983, since, on that date, claimant realized he would be unable to continue working for three or more days. *See* § 8–51–101(1)(a), C.R.S.

If, however, the Commission determines that claimant's current condition is the natural result of the 1978 injury, he has not suffered a new injury and benefits may be obtained only by way of a petition to reopen. *See generally F.R. Orr Construction v. Rinta*, 717 P.2d 965 (Colo.App. 1985).

We note that the time for filing a petition to reopen appears to have expired. *See* § 8–53–113, C.R.S. (1985 Cum.Supp.). We nonetheless conclude that claimant is not precluded from now seeking to reopen his prior claim should the Commission determine that his condition is the result of the 1978 injury.

Here, claimant initiated his claim for benefits before six years had expired. It was unclear whether his disability was the result of a new injury or of a prior industrial incident. This question was submitted for resolution in May 1984; however, an order did not issue for some six months, two months after the six years had elapsed. Even when the order was issued, it failed fully to resolve the claim for benefits.

Under these circumstances, the humanitarian intent of the Workmen's Compensation Act would be negated if claimant is precluded from obtaining a resolution on the merits. Hence, we hold that where, as here, a claimant timely files a claim for benefits within the six-year limitation period, the outcome of which determines the necessity for and propriety of a petition to reopen, and the limitation period expires during a substantial delay unattributable to claimant, the statute of limitations is tolled until the prior action is resolved. *See generally Haffke v. Linker*, 30 Colo.App. 76, 489 P.2d 1047 (1971) (cert. dismissed, 178 Colo. 456, 514 P.2d 633 (1972)); *cf. King v. W.R. Hall Transportation & Storage Co.*, 641 P.2d 916 (Colo.1982) (mechanic's lien statute to be strictly construed). And, where a statute of limitations is tolled, it remains so until the final disposition of the appeal and the subsequent proceedings directed as a result thereof. *See James v. James*, 75 Colo. 164, 225 P. 208 (1924). As in *Eastman Kodak Co. v. Industrial Commission*, 725 P.2d 85 (Colo.App.1986), to hold that, under these circumstances, claimant's actions bar him from now seeking to reopen his initial claim would unfairly penalize him for his reasonable actions taken based upon his initial classification of his subsequent back problems as a new injury.

Claimant's contention that his condition is the result of an occupational disease is without merit.

The order is set aside and the cause is remanded for entry of additional findings as set forth above and further proceedings consistent with this opinion.

SMITH and SILVERSTEIN*, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).