**SCI MANUFACTURING, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Son Hwa McCray, Respondents.**

No. 93CA2009.

Colorado Court of Appeals,
Div. IV.

July 28, 1994.

Ritsema & Lyon, P.C., Cindy Slevin, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indust. Claim Appeals Office.

The McDivitt Law Firm, P.C., Joan A. Goldsmith, Colorado Springs, for respondent Son Hwa McCray.

Opinion by Judge BRIGGS.

SCI Manufacturing (employer) petitions for review of an order of the Industrial Claim Appeals Office (Panel). The Panel determined that workers' compensation benefits for an occupational disease should be calculated in accordance with the law in effect at the onset of disability. We affirm.

Son Hwa McCray (claimant) began work with employer in May of 1985 assembling electronic components, which required repetitive upper arm movement. In December of 1989, claimant experienced persistent pain in her left arm and wrist. Claimant reported her condition to employer in August of 1990. In January of 1991, claimant began to suffer persistent pain in her right arm and hand and was diagnosed by her personal physician on May 18, 1991, as suffering from bilateral carpal tunnel syndrome. Claimant notified employer of her condition in December of 1991 and was thereafter placed on a light duty status under medical restrictions to avoid repetitive motion and heavy lifting.

The Administrative Law Judge (ALJ) determined that claimant suffered an occupational disease caused by the repetitive motion requirements and became disabled with respect to her left arm in December 1989 when her symptoms became manifest. The ALJ concluded claimant's condition worsened after August 1990 and continued to deteriorate through December 20, 1991, the date of claimant's last injurious exposure to the hazards of the disease.

Relying upon *Martinez v. Industrial Commission,* 40 Colo.App. 485, 580 P.2d 36 (1978), the ALJ concluded that since claimant was disabled as the result of an occupational disease and so advised employer, but continued in the same employment, the extent of employer's liability was to be determined by reference to the statute in effect on the date of claimant's last injurious exposure. Under this interpretation, the parties' rights and liabilities are governed by the provisions of the Workers' Compensation Act in effect after the enactment of Colo.Sess.Laws 1991,

ch. 219 (now codified at § 8–40–101, et seq., C.R.S. (1993 Cum.Supp.)) effective July 1, 1991.

Claimant sought review of the ALJ's order before the Panel. The Panel noted that the decision announced in *Martinez* was an exception to the general rule that rights and liabilities for an occupational disease are determined by the law in effect at the onset of disability. The Panel concluded the holding of *Martinez* was a unique resolution based upon the court's view that an employer should not avoid amendments to legislation favorable to a claimant when the employer is aware that conditions of employment have caused an occupational disease, but continues to subject the worker to those conditions, producing greater disability. Accordingly, the Panel reversed the ALJ's order and determined the claim is governed by the law in effect prior to July 1, 1991.

On appeal, employer argues the Panel erred in failing to apply the holding of *Martinez* to the circumstances here. We do not agree.

With the single exception of the holding in *Martinez*, we have consistently held that rights and liabilities for occupational diseases are governed by the law in effect at the onset of disability. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991).

In *Martinez*, the claimant suffered a hearing impairment because of exposure to noise in the work place. Claimant advised his employer of the impairment, but continued to work without interruption. At the time claimant initially became aware of his hearing impairment, no benefits were provided for any occupational disease or condition not specified by statute. However, the law was then amended to permit compensation for any occupational disease satisfying the statutory requirements. The claimant continued working for the employer after the amendment became effective.

The court in *Martinez* concluded that the claimant had suffered an occupational disease and was entitled to the benefit of the statutory amendment because he had continued working after discovery of the impairment and had suffered a further loss of hearing as a result. This was consistent with the principle, then applicable, that the Workers' Compensation Act was to be liberally construed in order to effectuate its humanitarian purpose of assisting injured workers. *Claimants in re Death of Garner v. Vanadium Corp.*, 194 Colo. 358, 572 P.2d 1205 (1977).

The present case does not involve a situation in which the claimant's otherwise compensable occupational disease would be rendered non-compensable under the general rule applying the law in effect at the time of the onset of the disability. Furthermore, unlike the situation in *Martinez*, application of the general rule will not exclude from liability for workers' compensation benefits an employer who has subjected a claimant to the risk of increased disability.

The unique holding of *Martinez* does not require, under the circumstances presented here, departure from the general rule that the parties' rights and liabilities are fixed by the law in effect at the onset of disability.

The order is affirmed.

HUME and DAVIDSON, JJ., concur.