**SUBSEQUENT INJURY FUND, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado; William R. Renken; and Coors Ceramics, Respondents.**

**No. 93CA2090.**

Colorado Court of Appeals, Div. I.

Dec. 1, 1994.

Rehearing Denied Jan. 5, 1995.

Certiorari Denied July 24, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Sr. Asst. Atty. Gen., Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Williams & Trine, P.C., Michael A. Patrick, Boulder, for respondent William R. Renken.

No appearance for Coors Ceramics.

Opinion by Judge CRISWELL.

The Subsequent Injury Fund (Fund) seeks review of the final order of the Industrial Claim Appeals Office (Panel) finding the Fund liable for interest on compensation awarded to claimant prior to July 8, 1992. We affirm.

Claimant filed a claim in April 1992 for workers' compensation benefits. Following a hearing, the Administrative Law Judge (ALJ) found that claimant had become permanently and totally disabled in August 1982, although the occupational cause of his disability, asbestosis, was not discovered until February 1991. The ALJ determined that claimant was entitled to permanent total disability benefits from September 1, 1982, and initially awarded claimant interest on all benefits not paid when due, commencing from that date.

In response to the Fund's motion, the ALJ amended the interest award and relieved the Fund from liability for interest on benefits payable prior to July 8, 1992. In doing so, the ALJ relied upon § 8–43–410(2), C.R.S. (1994 Cum.Supp.), the provisions of which became effective in 1988. *See* Colo.Sess. Laws 1988, ch. 49, § 8–52–109(2) at 380.

That statute provides:

> Every employer or insurance carrier of an employer shall pay interest at the rate of eight percent per annum upon all sums not paid upon the date fixed by the award of the director or administrative law judge for the payment thereof *or the date the employer or insurance carrier became aware of an injury, whichever date is later.* (emphasis added)

Because the ALJ found that the Fund did not become aware of claimant's injury until July 8, 1992, the ALJ concluded that interest was payable only thereafter.

The claimant sought review of the modified interest award before the Panel, which reversed the modified award and reinstated the interest payable as originally provided in the ALJ's first order. In so doing, the Panel noted that, before the 1988 amendment, § 8–52–109(2), C.R.S. (1986 Repl.Vol. 3B) provided:

> Every employer or insurance carrier of an employer shall pay interest at the rate of eight percent per annum upon all sums not paid upon the date fixed by the award of the director for the payment thereof.

The Panel concluded that the 1988 amendment was inapplicable here because, as a substantive statutory change, the amendment operated prospectively only.

Before us, the Fund concedes that the 1988 amendment cannot be applied to claims that had accrued before its adoption. We have not considered whether such concession is justified. *But see* 3 A. Larson, *Workmen's Compensation* § 83.42(a) (1994); *Myers v. Carr Construction Co.,* 387 So.2d 417 (Dist.

Ct.App.Fla.1980). Rather, solely for the purpose of determining the rights of the parties before us in this civil proceeding, we accept the Fund's judicial admission.

■ The Fund urges, however, that no claim accrued here until February 1991, when claimant discovered the compensable nature of his disability. Hence, it argues that interest can be awarded only as of that date. We disagree.

■ We recognize that the time within which a claim for benefits must be filed starts to run only as of the date that a claimant, as a reasonable person, "should recognize the nature, seriousness and probable compensable character of his injury." *City of Boulder v. Payne*, 162 Colo. 345, 351–352, 426 P.2d 194, 197 (1967). And, in this sense, the claim only "accrues" as of that time.

■ However, the Fund has also conceded that, once a claim "accrues" for this purpose, benefits are awardable, commencing as of the date of the disability, irrespective of the date that claimant learns of the nature, seriousness, and probable compensable character of the claim. This concession is fully justified. *See Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991) (benefits are to be computed as of the date of disability); *Mendisco & Urralbura Mining Co. v. Johnson*, 687 P.2d 492 (Colo.App.1984) (rights and liabilities for occupational disease claim determined based on law in effect at time of disability).

Given these premises, interest should also be computed based upon the law in existence on the date of the claimant's disability, which was August 1982. *See Subsequent Injury Fund v. Trevethan*, 809 P.2d 1098 (Colo.App. 1991) (purpose of interest is to compensate claimant fully).

Order affirmed.

METZGER and KAPELKE, JJ., concur.