**ROBBINS FLOWER SHOP and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Victoria CINEA and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 94CA0898.

Colorado Court of Appeals, Div. V.

March 23, 1995.

Colorado Compensation Ins. Authority, Douglas A. Thomas, Curt Kriksciun, Denver, for petitioners.

Schey & Schey, P.C., Neil E. Piller, Longmont, for respondent Victoria Cinea.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge KAPELKE.

Petitioners, Robbins Flower Shop (employer) and its insurer, the Colorado Compensation Insurance Authority, seek review of an order of the Industrial Claim Appeals Panel which determined that pre-1991 law applied to the determination of permanent disability benefits in this occupational disease claim proceeding. We affirm.

It is undisputed that claimant sustained a work-related occupational disease of bilateral carpal tunnel syndrome that originally became disabling when surgery was performed in November 1990.

Following surgery, claimant returned to work with restrictions, which limited her from working more than four hours a day. These restrictions were altered in July 1991 to allow a six-hour work day. In September 1991, after claimant had experienced increased symptoms, the previous restriction of four hours per day was permanently reinstituted. Employer asserts that on September 24, 1991, claimant stopped working because of this restriction and because of her pain.

As relevant here, the Administrative Law Judge (ALJ) found that claimant was last injuriously exposed to the hazards of carpal tunnel syndrome between July 1991 and September 1991, and that she sustained a substantial permanent aggravation of her condition during that period. Therefore, the ALJ limited the award of permanent disability benefits in accordance with the medical impairment schedule found at § 8–42–107(8), C.R.S. (1994 Cum.Supp.).

Relying on *Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App. 1992), which holds that 1991 workers' compensation amendments apply only to injuries or occupational diseases occurring on or after July 1, 1991, the Panel determined that because claimant was disabled in November 1990, pre-1991 law applied. The Panel also determined that § 8–41–304(1), C.R.S. (1994 Cum.Supp.) (last injurious exposure rule), relied on by the ALJ, was not controlling because apportionment was not an issue.

Accordingly, the Panel set aside the ALJ's order and remanded for redetermination of permanent partial disability benefits. On remand, the ALJ awarded claimant permanent partial disability benefits of $37,560 based upon a disability rating of 30% as a working unit under the pre-1991 law.

Because the Panel determined that this case was governed by pre-1991 law, it did not reach claimant's additional contention that there was insufficient evidence to support the ALJ's finding that claimant had suffered a substantial permanent aggravation of her condition.

I.

Petitioners' sole contention on review is that, because the ALJ found that claimant's pre-existing carpal tunnel syndrome was substantially and permanently aggravated between July 1991 and September 1991, claimant sustained a new occupational disease.

Therefore, although they concede that claimant was entitled to medical and temporary disability benefits based upon the law in effect in November 1990, petitioners contend that post-1991 law applies to any further award of medical, temporary, or permanent disability benefits for the aggravation of claimant's condition. Under this theory, claimant's permanent disability would have been limited to medical impairment benefits under § 8–42–107(8). We are not persuaded.

### A.

Petitioners acknowledge that the rights and liabilities of the parties are determined by the law in effect at the date of the onset of disability. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo.App.1991).

However, petitioners originally argued that, under *Martinez v. Industrial Commission,* 40 Colo.App. 485, 580 P.2d 36 (1978), application of the 1991 amendments to the Workers' Compensation Act was required. The Panel rejected this argument and concluded that the narrow exception set forth in *Martinez* did not apply here because claimant's work with employer was interrupted by surgery and was thereafter restricted. We agree with this determination.

Furthermore, in *SCI Manufacturing v. Industrial Claims Appeals Office,* 879 P.2d 470 (Colo.App.1994), a division of this court determined that, under the circumstances presented there, the unique holding of *Martinez* did not require departure from the general rule that the parties' rights and liabilities are fixed by the law in effect at the onset of disability.

In *SCI Manufacturing,* as here, the claimant's otherwise compensable occupational disease would not be rendered non-compensable under the general rule applying the law in effect at the time of the onset of disability. Thus, the holding of *Martinez* also does not require departure here from the general rule.

### B.

The gist of petitioners' remaining argument is that when a claimant's condition undergoes a substantial permanent aggravation, benefits are to be determined by the law in effect at the time of the aggravation, which constitutes a "new" injury. This contention is not well taken.

"Substantial permanent aggravation" is a phrase that was added to the last injurious exposure rule, now found at § 8–41–304(1), with respect to injuries occurring on or after July 1, 1991. *See Monfort, Inc. v. Rangel,* 867 P.2d 122 (Colo.App.1993).

The General Assembly adopted the last injurious exposure rule to apportion liability in occupational disease cases and to impose upon the last employer total liability for a disease that was incurred over a period of employment with several employers. It was designed to relieve the worker from the onerous, if not impossible, task of proving which employer caused the disability. *Union Carbide Corp. v. Industrial Commission,* 196 Colo. 56, 581 P.2d 734 (1978).

In *Royal Globe Insurance Co. v. Collins,* 723 P.2d 731 (Colo.1986), the supreme court extended the last injurious exposure rule, originally adopted for application in particulate exposure cases, to occupational diseases caused by repetitive functions.

In *Monfort, supra,* a division of this court determined that the addition of the phrase "substantial permanent aggravation" was intended to minimize the harsh effects of the last injurious exposure rule. Thus, liability for occupational diseases is limited to those employers who have caused a claimant to be exposed to a harmful concentration of a hazard, which exposure results in a substantial and permanent aggravation of the disease.

Here, petitioners admit that they bear sole responsibility for any permanent disability benefits resulting from claimant's carpal tunnel syndrome. Therefore, the issue in this case does not concern which employer or insurer is liable.

Accordingly, we conclude that, contrary to petitioners' arguments, § 8–41–304(1) is not applicable here and does not control whether pre-1991 or post-1991 law applies to this claim. Rather, we agree with the Panel that the last injurious exposure rule is applicable only to determine apportionment of full liability for occupational diseases among the parties who could potentially be liable. *See Royal Globe Insurance Co. v. Collins, supra;* Union Carbide Corp. v. Industrial Commission, supra.

Thus, substantial permanent aggravation is not a factor to be considered in determining onset of disability. Furthermore, because the last injurious exposure rule applies only to occupational diseases and not to acci-

dental injuries, in certain instances liability for injuries resulting from occupational diseases will differ from that for injuries resulting from accidents. *See Climax Molybdenum Co. v. Walter*, 812 P.2d 1168 (Colo. 1991); *Electron Corp. v. Industrial Claim Appeals Office*, 833 P.2d 821 (Colo.App.1992); *see generally* 4 A. Larson, *Workmen's Compensation Law* § 95.31 at 17–221 and § 95.40 at 17–239 (1994).

## C.

Finally, we conclude that the cases relied upon by petitioners are not dispositive. The majority of those cases concern compensation payable for accidental injuries and not occupational diseases. Others concern compensation liability in situations in which, unlike here, a pre-existing non-industrial condition exists or a disability results from a combination of industrial and non-industrial factors. Other cases relied upon by petitioners are simply inapposite.

The order is affirmed.

DAVIDSON and ROTHENBERG, JJ., concur.