**Anita ORTIZ, Petitioner,**

v.

**CHARLES J. MURPHY & COMPANY; Colorado Compensation Insurance Authority; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 98CA0086.**

Colorado Court of Appeals,
Div. IV.

July 23, 1998.

Rehearing Denied Aug. 20, 1998.

*Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and §24–51–1105, C.R.S.1997.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for Petitioner.

Curt Kriksciun, Denver, for Respondents Charles J. Murphy & Company and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROY.

Anita Ortiz (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying her petition to reopen her workers' compensation claim against her employer, Charles J. Murphy & Co., and its insurer, Colorado Compensation Insurance Authority, (collectively CCIA) and denying her claim for medical benefits. We affirm.

The sole issue on review is what constitutes the "date of injury" for purposes of determining the running of the time permitted for reopening an occupational disease claim which, according to § 8–43–303(1), C.R.S.1997, must be reopened "within six years after the date of injury." We hold that the statute begins to run from the date of the onset of disability.

In June and July 1988, claimant reported her injury to employer, and she was diagnosed with bilateral carpal tunnel syndrome. In her subsequent workers' compensation claim, the Administrative Law Judge (ALJ) found that claimant sustained a compensable occupational disease and awarded medical and permanent disability benefits. The ALJ also found that claimant was last injuriously exposed to the hazards of the disease on August 16, 1989, her last day of work.

In February 1995, claimant filed a petition to reopen the claim, alleging that her condition had worsened. Claimant asserted that her petition was timely filed because the six-year period of limitations began running on the date of her last injurious exposure, August 16, 1989, rather than during June or July of 1988, which was the onset of her disability.

The ALJ, without a hearing and based on a stipulation, found that the petition to reopen was filed more than six years after the onset of disability, but less than six years after the date of the last injurious exposure, and was timely. The ALJ opined that application of the "onset of disability" rule could

result in a denial of compensation to those claimants who suffer an onset of disability but continue to work for the same employer for six years and a day before filing a claim for compensation. To avoid this seemingly inequitable result, the ALJ determined that the period of limitation commences to run from the date of the last injurious exposure, rather than the date of the onset of disability. The ALJ later determined that claimant proved a worsening of condition, and awarded medical benefits.

The Panel set aside these orders. Agreeing with CCIA's position, it held that the determination of claimant's date of injury is governed by the "onset of disability" rule.

Claimant concedes that, pursuant to § 8–43–303(1), a claim is barred from reopening if the petition to reopen is filed more than six years after the date of injury. However, she asserts not only that the date of injury for her occupational disease is the date of her last injurious exposure, but also that her onset of disability did not occur until August 16, 1989, and coincides with her date of last injurious exposure. Therefore, she argues that the injury, onset of disability, and last injurious exposure all occurred on August 16, 1989, and that her February 1995 petition to reopen was timely filed. We disagree.

■ The "last injurious exposure" rule governs the apportionment of liability for an occupational disease between multiple employers or insurers, but does not determine the date on which a claimant has sustained a compensable occupational disease. *Robbins Flower Shop v. Cinea*, 894 P.2d 63 (Colo.App. 1995).

■ The "date of injury" for an occupational disease is the date of the onset of disability, and the law in effect on that date governs the rights and liabilities of the parties. *See Subsequent Injury Fund v. Industrial Claim Appeals Office*, 899 P.2d 271 (Colo.App.1994); *SCI Manufacturing v. Industrial Claim Appeals Office*, 879 P.2d 470 (Colo.App.1994); *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991). The onset of disability occurs when the occupational disease impairs the claimant's ability effectively and properly to perform his or her regular employment, or rendered the claimant incapable of returning to work except in a restricted capacity. *Ricks v. Industrial Claim Appeals Office*, 809 P.2d 1118 (Colo.App.1991).

Contrary to claimant's argument, we do not find that *Martinez v. Industrial Commission*, 40 Colo.App. 485, 580 P.2d 36 (1978) is dispositive. *Martinez* held that, in the circumstance where the employee reported his condition (hearing loss) to his employer at a time when that condition was not an occupational disease, continued to work, the law changed so as to bring the condition within the definition of an occupational disease, and the employee then filed his claim, the liability of the employer was to be determined in accordance with the law applicable on the date of last exposure. *Martinez* recognized the remedial nature of the workers' compensation laws, and accorded the claimant the benefit of a favorable amendment under the circumstances there presented. *See SCI Manufacturing v. Industrial Claim Appeals Office, supra*. To the extent, if any, that *Martinez* can be read as being contrary to the result we reach here, we decline to follow it.

■ Here, the ALJ specifically found, based on the stipulation of the parties, that claimant's petition to reopen was filed more than six years after the date of onset of disability. Thus, the claim is barred from reopening under § 8–43–303(1).

Alternatively, claimant contends that a petition to reopen was not even necessary for medical benefits, since the ALJ, in her 1990 order, authorized the benefits. However, inasmuch as this argument is inconsistent with the stipulated facts set forth in the ALJ's 1995 order, it is without merit.

The order of the Panel is affirmed.

RULAND and CASEBOLT, JJ., concur.