Edward Eugene MILLER, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, San Juan County Mining, Colorado Compensation Insurance Authority, and Subsequent Injury Fund, Respondents.

No. 98CA1275.

Colorado Court of Appeals, Div. II.

May 27, 1999.

Rehearing Denied Aug. 5, 1999.

Crane and Tejada, P.C., Bethiah B. Crane, Durango, for Petitioner.

Colorado Compensation Insurance Authority, Michael J. Steiner, Denver, for Respondent San Juan County Mining.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Andrew M. Katarikawe, Assistant Attorney General, Denver, Colorado, for Respondent Subsequent Injury Fund.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge PLANK.

In this workers' compensation proceeding, Edward Eugene Miller (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the order of the Administrative Law Judge (ALJ) which determined that the five-year statute of limitations set forth in Colo. Sess. Laws 1990, ch. 62, § 8–43–103(3) at 500, bars his claim. We set aside the order and remand.

After an evidentiary hearing, the ALJ found that claimant, an underground miner, had contracted silicosis in the course of his employment with San Juan County Mining (employer). The ALJ further found that the onset of claimant's disability from the disease occurred on May 20, 1991, the date on which employer reassigned claimant to above-ground work, and that claimant did not file a notice requesting compensation until December 9, 1996. Determining that claimant failed to seek compensation within the prescribed five-year period after the commencement of his disability, the ALJ concluded that his claim was barred.

On review to the Panel, claimant asserted that the five-year limitation on filing a claim was tolled by employer's failure to provide notification of his occupational disease to the Division of Workers' Compensation as required by §§ 8–43–103(1) and 8–43–103(2), C.R.S.1998. The Panel determined that the tolling provision incorporated in § 8–43–103(2) did not apply regardless of any obligation of the employer to notify the Division. Accordingly, it affirmed the ALJ's dismissal of the claim as time-barred.

In this appeal, claimant does not challenge the ALJ's findings as to the date he incurred his disability or the date he filed for benefits. Nor does he challenge the applicable statutes.

Claimant contends that the Panel erred in construing § 8–43–103, C.R.S.1998, by finding that the tolling provision contained in § 8–43–103(2) did not also apply to the five-year limitations period provided for in § 8–43–103(3), C.R.S.1998. We agree.

Initially, we note that the version of the statute in effect during 1991 when claimant's disability commenced applies to the claim asserted here. *See SCI Manufacturing v. Industrial Claim Appeals Office,* 879 P.2d 470 (Colo.App.1994) (rights and liabilities for occupational diseases are governed by the law in effect at the onset of disability). Nevertheless, claimant concedes, and we agree, that the current version varies only slightly and the differences do not impact the issues raised. Consequently, for purposes of simplicity, our analysis will proceed under the present version of § 8–43–103.

Section 8–43–103(1) requires an employer to provide notice of an industrial injury within ten days to the Division. Section 8–43–103(2) vests jurisdiction in the Director and ALJs to adjudicate matters in cases involving all compensable injuries. It further provides, in pertinent part:

Except in cases of disability or death resulting from exposure to radioactive materials, substances, or machines or to fissionable materials, or any type of malignancy caused thereby, or from poisoning by uranium or its compounds, or from asbestosis, *silicosis,* and anthracosis, the right to compensation and benefits provided by said articles shall be barred unless, within two years after the injury or after death result-

ing therefrom, a notice claiming compensation is filed with the division.... *[B]ut in all cases in which the employer has been given notice of an injury and fails, neglects, or refuses to report said injury to the division as required by the provisions of said articles, this statute of limitations shall not begin to run against the claim of the injured employee or said employee's dependents in the event of death until the required report has been filed with the division.* (emphasis supplied)

Section 8–43–103(3) provides:

In cases of disability or death resulting from exposure to radioactive materials, substances, or machines or to fissionable materials, or any type of malignancy caused thereby, or from poisoning by uranium or its compounds, or from asbestosis, *silicosis,* or anthracosis, the right to compensation and benefits shall be barred unless, within five years after the commencement of disability or death, a notice claiming compensation is filed with the division. (emphasis supplied)

■ A court's primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute. *Singleton v. Kenya Corp.,* 961 P.2d 571 (Colo.App.1998). Words and phrases in a statute should be given their plain and ordinary meanings, and a forced, subtle, or strained construction should be avoided if the language is simple and the meaning clear. *Grogan v. Lutheran Medical Center, Inc.,* 950 P.2d 690 (Colo.App. 1997).

■ When the plain language of a statute is clear and unambiguous, the statue should be applied as written. *Rios v. Mireles,* 937 P.2d 840 (Colo.App.1996). A statute is ambiguous, and we may resort to other methods of statutory construction, only if it is fairly susceptible of more than one interpretation. *Support, Inc. v. Industrial Claim Appeals Office,* 968 P.2d 174 (Colo.App.1998).

■ We also give due deference to the Panel's interpretation of the statute as the agency charged with its enforcement. *Support, Inc. v. Industrial Claim Appeals Office, supra.* Accordingly, we will set aside the Panel's interpretation only if it is inconsistent with the clear language of the statute or the legislative intent. *Popke v. Industrial Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997).

Here, we must construe a statute that is, at least as to this issue, susceptible of more than one interpretation. Claimant urges that we read the limitations provision of § 8–43–103(3) in context with the remainder of the section and construe it as an exception only to the time limits set forth in § 8–43–103(2). Employer instead argues that § 8–43–103(3) stands alone and operates in essence as a nonclaim statute, and that we need not look to the remainder of the statute to interpret it. There is nothing in the statute itself to guide us in choosing the interpretation the General Assembly intended.

■ In construing an ambiguous statute, we may consider, among other aids to interpretation, the statutory context, the consequences of a particular construction, and the legislative history. *Farmers Insurance Exchange v. Bill Boom, Inc.,* 961 P.2d 465 (Colo.1998); *Vail Associates, Inc. v. Eagle County Board of County Commissioners,* 983 P.2d 49 (Colo.App.1998) (1998 WL 772995).

Accordingly, we note that the portion of § 8–43–103(2) which suspends the running of the time to file a claim until the employer files the required notice of injury with the Division was added in 1971, before § 8–43–103(3) existed. Colo. Sess. Laws 1971, ch. 225, § 81–13–5 at 911. In 1975, the General Assembly modified § 8–43–103(2) to increase the time to file a claim from one year to three years, and from two years to five years upon a showing of a "reasonable excuse" for failure to file earlier. In the same act, § 8–43–103(3) was added in essentially its present form. Colo. Sess. Laws 1975, ch. 71, § 8–52–105 at 305.

■ In our view, this statutory history lends support to claimant's proposed construction of the statute. In 1971, the General Assembly stated clearly and unambiguously that claims should not be barred unless the employer fulfills its obligation to file the required notice of injury. Hence, between 1971 and 1975, the time period within which

to file a claim did not begin to run until the employer filed the required notice of injury, including claims for the occupational disease at issue here, silicosis.

In 1975, the General Assembly amended the statute to give all claimants longer to file their claims, up to five years upon a showing of a reasonable excuse for filing after the then-applicable three-year general time limit, but giving claimants suffering from silicosis and certain other occupational diseases a full five years to file a claim without need for any excuse. Because the primary purpose of that amendment appears to have been to extend the applicable time limits, we construe § 8–43–103(3) as substituting a five-year limitations period for the applicable diseases, to be used in place of the more stringent limitations period set forth in § 8–43–103(2). We find nothing in the amendment to indicate that § 8–43–103(3) was intended to act as a separate nonclaim statute applicable only to certain occupational diseases.

■ Accordingly, we conclude that the five-year limitations period in § 8–43–103(3) does not begin to run until the employer files the required notice of injury, pursuant to the provision in the final sentence of § 8–43–103(2). Thus, the Panel's interpretation of the statute conflicts with the General Assembly's intent in enacting the amendments, and the Panel erred in holding that claimant's claim was barred absent a showing that employer filed the required notice of injury to commence the running of the limitations period.

In light of our conclusion that claimant's claim was not barred by § 8–43–103, we do not address his contentions regarding equitable estoppel and equal protection.

The order is set aside, and the cause is remanded for further proceedings in accordance with this opinion.

Judge CRISWELL and Judge KAPELKE concur.