**Ronald CALVERT, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Roadway Express, Inc.; Old Republic Insurance; and Gallagher Bassett, Respondents.**

**No. 05CA1201.**

Colorado Court of Appeals,
Div. V.

Aug. 24, 2006.

Rehearing Denied Oct. 26, 2006.

Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

White & Steele, P.C., John M. Lebsack, Denver, Colorado, for Respondents Roadway Express, Inc.; Old Republic Insurance; and Gallagher Bassett.

Opinion by Judge PLANK.*

In this workers' compensation proceeding, Ronald Calvert seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the denial of his petition to reopen his claim for additional permanent partial disability (PPD) benefits. We affirm.

Claimant sustained an admitted injury to his tailbone in 1997. He reached maximum medical improvement (MMI) in December 1997 and, following a division-sponsored independent medical examination (DIME), received an award of PPD benefits that was fully paid by October 6, 1998. Subsequently, in an order affirmed by the Panel in 2003, claimant was denied permanent total disability (PTD) benefits, but awarded future medical benefits.

In 2004, claimant underwent back surgery. He filed a petition to reopen the 1997 claim, seeking additional temporary disability benefits on the ground that the surgery was necessitated by a worsening of his industrial injury.

Following an evidentiary hearing, the administrative law judge (ALJ) denied the petition to reopen, finding that it was filed outside the time limits set forth in § 8–43–303(1) and (2)(a), C.R.S.2005. The ALJ further de-

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

termined that claimant failed to prove a worsening of condition. However, the ALJ found that the surgery was an appropriate treatment encompassed by the earlier award of post-MMI medical treatment and ordered Roadway Express, Inc. and its insurer, Old Republic Insurance and Gallagher Basset (collectively employer), to pay that part of the cost not covered by Medicare.

The Panel affirmed on review.

## I.

Initially, we reject claimant's contention that the ALJ and the Panel erred in interpreting the time limit set forth in § 8–43–303(1) and (2)(a) to bar his petition to reopen.

Pursuant to § 8–43–303(1) and (2)(a), a claim may be reopened within six years from the date of the industrial injury, or within two years of the date the last disability benefits become due and payable.

Claimant points to § 8–42–103(1), C.R.S. 2005, which provides that whenever an "injury or occupational disease causes disability, a disability indemnity shall be payable as wages," and argues that he became entitled to disability benefits anew when he underwent surgery. In essence, he urges that the statute of limitations cannot be read to bar his petition to reopen because it would defeat his right under § 8–42–103(1) to receive disability benefits resulting from his industrial injury. We are not persuaded.

All results flowing proximately and naturally from an industrial injury are compensable. *Owens v. Indus. Claim Appeals Office,* 49 P.3d 1187 (Colo.App.2002). Consistent with that principle, the reopening process addresses the reality that a claimant's condition may change significantly after the initial award of benefits. It enables an award to be altered to meet current conditions and, thus, best fulfills the legislative purposes for workers' compensation. 8 A. Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 131.01, at 131–3 (2004).

Nevertheless, the majority of jurisdictions recognize that time limits on the ability to reopen are necessary to avoid inherent administrative and practical difficulties such as the proof problems associated with old injuries, the need to preserve full case records indefinitely, and the inability of insurance carriers to predict their future liability and compute appropriate reserves. Larson, *supra.*

The time limits set forth in § 8–43–303, C.R.S.2005, operate as a statute of limitations, *City of Colorado Springs v. Indus. Claim Appeals Office,* 89 P.3d 504 (Colo.App. 2004), and apply when complications develop directly from the original injury, even if the claimant attempts to classify the condition as a new disability. 8 Larson, *supra,* § 131.03[1][b], at 131–23–25; *see also Valdez v. United Parcel Serv.,* 728 P.2d 340 (Colo.App.1986)(noting that if the claimant's current condition occurred as a natural result of the original injury and not because he suffered a new injury, benefits could be obtained only by way of a petition to reopen).

Section 8–43–303 is unambiguous and cannot be read to permit an extension when a change of condition manifests itself after the applicable limitations period has expired. *Thye v. Vermeer Sales & Serv.,* 662 P.2d 188 (Colo.App.1983).

Here, it is undisputed that the surgery was related to the original injury and did not represent a new injury. Further, although the petition to reopen was filed within two years of the 2004 surgery, medical benefits are expressly excluded as a triggering event for the additional two-year period provided for in § 8–43–303(2)(a). Thus, the petition to reopen was clearly filed more than six years after the accidental injury and more than two years after the last payment of disability benefits.

The fact that claimant was entitled to the 2004 back surgery as a *Grover*-type benefit, *see Grover v. Indus. Comm'n,* 759 P.2d 705 (Colo.1988), did not extend the limitations period for reopening his disability benefit claim. Aside from the general six-year limitations period in § 8–43–303(1), the statute distinguishes between disability and medical benefits. The latter are specifically covered by § 8–43–303(2)(b), C.R.S.2005, which provides a two-year limitations period from the date the last medical benefits are due and payable. As the ALJ found, claimant's re-

quest for *Grover*-type medical benefits remained open, and, thus, the two-year limitations period under § 8–43–303(2)(b) had not yet begun to run.

Accordingly, because claimant's petition to reopen was not filed within the applicable limitations period, the ALJ properly denied it on that basis. *See Ortiz v. Charles J. Murphy & Co.,* 964 P.2d 595 (Colo.App. 1998)(claim was barred from reopening where it was filed more than six years after onset of disability).

## II.

Claimant next contends that the reopening provision violates the principles of substantive due process and equal protection because the statutory time limits are applied disparately to injured workers and their employers. The crux of claimant's contention is that § 8–43–303(3), C.R.S.2005, gives employers the right to reopen a PTD award at any time after the injured worker has resumed employment, but gives no such corresponding right to claimants. We find no constitutional defect.

We have jurisdiction to consider the constitutionality of § 8–43–303. However, our analysis must begin with the presumption that the statute is valid, and claimant, as the challenging party, has the burden to prove the statute is unconstitutional beyond a reasonable doubt. *Peregoy v. Indus. Claim Appeals Office,* 87 P.3d 261 (Colo.App.2004).

Because receipt of workers' compensation benefits does not implicate a fundamental right, our review under a substantive due process analysis is governed by the rational basis standard. *Alexander v. Indus. Claim Appeals Office,* 42 P.3d 46 (Colo.App. 2001).

In an equal protection challenge, the threshold question is whether the legislation results in dissimilar treatment of similarly situated individuals. *Pepper v. Indus. Claim Appeals Office,* 131 P.3d 1137 (Colo. App.2005). The rational basis standard also applies to equal protection challenges such as that here, and under that test, a statutory classification will stand if it bears a rational

relationship to a legitimate governmental objective and is not unreasonable, arbitrary, or capricious. *Peregoy v. Indus. Claim Appeals Office, supra.*

Here, claimant makes no argument that the length of the limitation period is per se unreasonable, and we have already noted the legitimate purposes underlying the imposition of such time limits. Additionally, the supreme court has previously recognized that § 8–43–303 imposes a different standard upon employers seeking to reopen for the purpose of discontinuing PTD benefits. *See Christie v. Coors Transp. Co.,* 933 P.2d 1330 (Colo.1997). Hence, claimants and employers are not similarly situated as to reopening for a termination of PTD benefits.

Therefore, the ALJ's application of the time limits in § 8–43–303 to bar claimant's petition to reopen did not violate his right to either due process or equal protection.

In light of our holding, we need not address the other issues raised by the parties.

The order is affirmed.

Judge DAILEY and Judge WEBB concur.