25CA1039 Webster v ICAO 01-15-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1039
Industrial Claim Appeals Office of the State of Colorado
WC No. 5009761

---

Larry E. Webster,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Czarnowski
Display Service, Inc.,

Respondents,

and

Trumbull Insurance Company,

Insurer-Respondent.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

---

Larry E. Webster, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Ritsema Law, Douglas L. Stratton, Fort Collins, Colorado, for Respondent
Czarnowski Display Service, Inc. Insurer-Respondent Trumbull Insurance
Company

¶ 1     In this workers' compensation action, an administrative law judge (ALJ) entered summary judgment against claimant, Larry E. Webster, Jr., and dismissed his workers' compensation claim. The Industrial Claim Appeals Office (Panel) affirmed the ALJ's decision. Webster appeals the Panel's final order. We affirm.

## I.     Background

¶ 2     This case has a lengthy history, which includes three previous appeals to this court. *See Webster v. Indus. Claim Appeals Off.*, (Colo. App. No. 22CA2093, Aug. 3, 2023) (not published pursuant to C.A.R. 35(e)) (*Webster III*); *Webster v. Indus. Claim Appeals Off.*, (Colo. App. No. 20CA1529, Mar. 25, 2021) (not published pursuant to C.A.R. 35(e)) (*Webster II*); *Webster v. Indus. Claim Appeals Off.*, (Colo. App. No. 18CA0714, Feb. 14, 2019) (not published pursuant to C.A.R. 35(e)) (*Webster I*). Because the previous divisions have already thoroughly set forth the history of this case in prior opinions, we repeat only the facts and procedural history relevant to Webster's current appeal.

¶ 3     In March 2016, while working as a warehouse employee for Czarnowski Display Service, Inc., Webster fell and sustained injuries. After an authorized treating physician determined that

Webster had reached maximum medical improvement (MMI) with no impairment, Webster requested a division-sponsored independent medical exam (DIME). The DIME physician agreed that Webster had reached MMI but assigned Webster a whole person impairment rating of 8%. Czarnowski and its insurer, Trumbull Insurance Company (collectively, respondents), filed a Final Admission of Liability, admitting to the DIME's impairment rating and agreeing to pay maintenance medical benefits.

¶ 4     Webster requested a hearing on MMI, permanent impairment, disfigurement, and permanent total disability benefits. An ALJ held the issue of permanent total disability benefits in abeyance, and the ALJ addressed and rejected Webster's other claims. The Panel affirmed the ALJ's decision, and Webster's appeal to this court was dismissed in *Webster I.*

¶ 5     Following the mandate in the first appeal, Webster asked for a hearing on whether he was entitled to permanent total disability benefits and maintenance medical benefits. The ALJ held a hearing, after which it denied Webster's requests. The Panel again affirmed, and a division of this court affirmed the Panel's order in *Webster II.*

¶ 6     In October 2021, Webster filed a petition to reopen his claim under section 8-43-303, C.R.S. 2025.  The ALJ denied Webster's petition to reopen, and the ALJ's order was affirmed by the Panel. In *Webster III*, a division of this court affirmed the Panel.

¶ 7     In December 2024, Webster filed an application for a hearing, raising multiple issues and asking to reopen the claim.  The respondents moved for summary judgment, asserting that Webster could not reopen his claim because it was barred by the statute of limitations in section 8-43-303.  The ALJ agreed and granted the motion for summary judgment.  The Panel affirmed the decision.

## II.    Discussion

¶ 8     Webster asserts that his due process rights were violated because the ALJs allowed the respondents' counsel to write the draft orders.  We don't see any evidence of that in the record.  But, in any event, except as discussed below, Webster doesn't tell us why summary judgment wasn't appropriate in this case.  Because we conclude that the ALJ didn't err by granting summary judgment, we don't need to address the merits of Webster's appellate arguments.

¶ 9     We review the ALJ's decision using the same standard of review as the Panel.  *See SkyWest Airlines, Inc. v. Indus. Claim Appeals Off.*, 2020 COA 131, ¶ 17.  Thus, we are bound by the ALJ's factual findings if they are supported by the evidence, *see* § 8-43-308, C.R.S. 2025, but we review the ALJ's legal conclusions on summary judgment de novo, *Baum v. Indus. Claim Appeals Off.*, 2019 COA 94, ¶ 34.

¶ 10     Office of Administrative Courts Rule of Procedure (OACRP) 17 governs a summary judgment motion in a workers' compensation proceeding.  Dep't of Pers. & Admin. Rule 17, 1 Code Colo. Regs. 104-3.  C.R.C.P. 56 also applies in workers' compensation cases to the extent that the rule is consistent with OACRP 17.  *See Baum,* ¶ 33.  Summary judgment may be granted in a workers' compensation case under the same standard as C.R.C.P. 56 — when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  OACRP 17.

¶ 11     The Workers' Compensation Act "provides finality through automatic case closure if a party does not challenge an admission or has exhausted his or her legal remedies."  *Macaulay v. Villegas,*

2022 COA 40M, ¶ 30. "Once a case is closed . . . , the issues closed may only be reopened pursuant to section 8-43-303." § 8-43-203(2)(d), C.R.S. 2025. Under section 8-43-303, a party must request to reopen the claim "within the later of six years of a claimant's date of injury or two years after the last disability or medical benefit becomes due or payable." *Macaulay*, ¶ 32; *see also Calvert v. Indus. Claim Appeals Off.*, 155 P.3d 474, 476 (Colo. App. 2006) (noting that the time limits in section 8-43-303 operate as a statute of limitations).

¶ 12   The ALJ determined that the statute of limitations in section 8-43-303 barred Webster from reopening his claim. First, the ALJ found that the six-year statute of limitations in section 8-43-303(1) began running in March 2016, when Webster was injured, and therefore expired in March 2022. Second, the ALJ found that Webster's last permanent partial disability benefits were paid in May 2017, and, although the respondents had admitted to post-MMI maintenance medical benefits in March 2017, an ALJ terminated Webster's right to maintenance medical benefits in March 2020. Thus, the ALJ determined that, at the latest, the two-

year statute of limitations expired in March 2022. The Panel agreed with the ALJ's determination that both time limits had expired.

¶ 13 On appeal, Webster doesn't challenge any of the dates the ALJ used to determine when the statute of limitations began running. Nor does he assert that the statute of limitations should be tolled for some reason. *See Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 854 (Colo. 1992) (a party's "failure to provide information that he was under a statutory duty to disclose provided an equitable basis for tolling the statute of limitations"). And even if Webster's appeal of the March 2020 order tolled the two-year statute of limitations until a mandate was issued in August 2021, his petition to reopen the claim in December 2024 was still untimely. *Cf. Valdez v. United Parcel Serv.*, 728 P.2d 340, 342 (Colo. App. 1986) ("where a statute of limitations is tolled, it remains so until the final disposition of the appeal").

¶ 14 Instead, Webster argues only that the ALJ's decision to hold the issue of permanent total disability benefits in abeyance until March 2020 "taint[ed]" the statute of limitations. We reject this assertion because, if the ALJ had addressed the issue earlier, the statute of limitations would have run sooner, not later. Therefore,

even if the ALJ improperly held the issue of permanent total disability benefits in abeyance, as Webster asserts, the statute of limitations would have still run out before Webster filed his most recent request to reopen the claim.

¶ 15     We therefore conclude that the ALJ didn't err by finding that the statute of limitations in section 8-43-303 barred Webster from reopening his claim.  Because Webster could not reopen his claim, the ALJ didn't err by declining to address the substance of Webster's claims.  Likewise, because the statute of limitations barred Webster's claim, we don't need to address the merits of his appellate contentions.  Further, to the extent Webster makes arguments previously rejected by divisions of this court, we won't address those arguments.

## III.   Disposition

¶ 16     The order is affirmed.

JUDGE GROVE and JUDGE SCHUTZ concur.